[L. A. No. 530.    Department Two.—September 18, 1899.]

## T. J. GILLIAM, Appellant, v. ANDREW BROWN et al., Respondents.

CONSTRUCTION OF DITCH—WRITTEN CONTRACT—PROPOSAL, BID, AND BOND. A written proposal for the construction of a ditch, and a written bid therefor, followed by the giving of a bond for the performance of the proposed work, taken together, constitute a written contract for the proposed work.

ID.—ACTION UPON CONTRACT—EVIDENCE—PERFORMANCE—ACCEPTANCE.— In an action upon such contract, it is sufficient for the plaintiff to give evidence of the full performance of the contract on his part; and, if such evidence of performance is given, he is not required to prove that the ditch was accepted by the defendant, though such acceptance is alleged in the complaint.

ID.—ERROR IN GRANTING NONSUIT.—Where there was evidence in such action, sufficient to go to the jury, as to the full performance of the contract, a nonsuit granted solely on the ground that ac-

ceptance of the ditch was not proved, and which is not sustainable upon any other ground, is erroneous, and entitles the plaintiff to a reversal of the judgment.

ID.—AMENDMENT OF COMPLAINT AS TO ACCEPTANCE OF DITCH—MOTION FOR NEW TRIAL.—It was not error for the court to refuse to allow the plaintiff to amend the complaint pending a motion for a new trial, so as to strike out an unnecessary averment of the acceptance of the completed ditch; but such amendment should be allowed before a new trial is had.

APPEAL from a judgment of the Superior Court of Kern County and from an order denying a new trial. J. W. Mahon, Judge.

The facts are stated in the decision of the court upon the former appeal (116 Cal. 454), and in the opinion of the court rendered upon this appeal.

E. Rousseau, and J. W. Ahern, for Appellant.

B. Brundage, for Respondents.

McFARLAND, J.—Action to recover one thousand dollars for the construction of a certain cut or ditch under an alleged contract between plaintiff and defendants. A jury was impaneled to try the cause, but, after plaintiff had introduced his evidence; the court granted a nonsuit, and judgment went for defendants. Plaintiff appeals from the judgment and order denying a new trial, and also from an order denying his motion to amend the complaint. The case was here before, and as its main features appear in the opinion on the former appeal they need not be noticed now in detail. (*Gilliam v. Brown,* 116 Cal. 454.)

In the complaint, after averments of the contract and the completion of the ditch by plaintiff, it is further averred that the defendants "accepted said ditch so constructed," and on the former appeal a judgment for plaintiff, which seems to have been based entirely upon the alleged acceptance of the ditch by defendants, was reversed on account of an erroneous instruction, and because there was not in the record "any evidence whatever of an acceptance of the work." But it was not held that acceptance was necessary to a recovery; on the other hand, this court said: "By the terms of this contract, as shown by the proposal

CXXVI. CAL.—11

for bids, plaintiff was entitled to his money when a cut was made
sufficient in capacity and grade to carry all the waters of Whit-
ney creek at all times. . . . . He was not required to wait for
two years, and then show that the ditch had carried all the
water at all times, to enable him to recover." But at the second
trial, which gave rise to this present appeal, the court below
seems to have acted upon the theory that evidence of an accept-
ance was necessary to plaintiff's recovery. As to the matter of
the nonsuit the record shows the following: "Nonsuit.—The
defendants' counsel here move for a nonsuit on the ground that
the plaintiff has averred upon a written contract, and there is
no evidence before the court of a written contract between the
plaintiff and the defendants; 2. That there is no evidence of any
acceptance of the work; which motion was granted on the
second ground by the court, and plaintiff's counsel excepted."
From this it appears that the nonsuit was granted upon the sole
ground of want of evidence of acceptance. The first ground was
certainly not tenable; for plaintiff introduced a written proposal
for bids to do the work (copied in the opinion on the former ap-
peal, *Gilliam v. Brown, supra*), and a written bid by plaintiff,
and his bond for the performance of the work as provided for in
the proposal; and these constituted a written contract. Of course,
if the record showed any other valid ground for the nonsuit, the
order granting it would be maintained here, although such
ground was not stated in the motion for nonsuit; but no such
other ground appears. If, for instance, the plaintiff had not in-
troduced any evidence to the point that he had done the work
as provided by the contract, the nonsuit might be maintained on
that ground; but it is really not seriously argued by defendants
that he did not introduce such evidence. Defendants' brief deals
almost entirely with the proposition that there was no evidence
of "acceptance." The plaintiff in his evidence in chief did not
undertake to prove an acceptance; but upon the cross-examina-
tion of plaintiff, when on the witness stand, the defendants asked
some questions tending to show that there had not been an ac-
ceptance, and, against the objection of plaintiff, succeeded in in-
troducing certain written reports of a meeting of the defendants
and motions and resolutions there passed tending to show that
defendants had not accepted the ditch as constructed by plaintiff,

and this documentary evidence was certainly inadmissible on cross-examination. The plaintiff clearly relied upon proof that he had constructed the ditch in accordance with the contract; and his own testimony as a witness, together with the testimony of other witnesses introduced by him, certainly constituted material and strong evidence to the point that he constructed the ditch in accordance with the contract. Plaintiff was undoubtedly entitled to go to the jury upon such evidence on the issue that he had done the work in accordance with the requirements of the contract. It is true that the defendants set up in their answer a contract somewhat different from the one alleged in the complaint; but there was no evidence that there was any contract different from the one claimed by plaintiff, and as plaintiff proved the contract which he had alleged, and had introduced evidence strongly tending to prove a compliance with it, he would have been entitled to a judgment if the jury had found that there was such compliance; and the issue of compliance was, under the evidence introduced by plaintiff, one for the jury to determine. We do not deem it necessary to state here in detail the evidence introduced by plaintiff, for the reason that the court below has not held that evidence insufficient to go to the jury, but has evidently determined the case wholly upon the theory of want of proof of acceptance by defendants. For these reasons we think that the court erred in granting the nonsuit.

At the time the appellant made his motion for a new trial, he moved the court to allow him to amend the complaint by striking out the averment that defendants "accepted said ditch so constructed," and the court denied the motion, and from the order denying the motion plaintiff also appealed. Under the foregoing views this appeal is immaterial at the present time; but the motion not having been made during the trial of the cause we cannot say that the court erred in denying it, and, therefore, this order appealed from is affirmed. We think, however, that if plaintiff before another trial should ask for such amendment it should be allowed.

The judgment and order denying a new trial are reversed and the cause remanded for a new trial, appellant to recover his costs on this appeal.

Temple, J., and Henshaw, J., concurred.