### PRESCOTT V. BIDWELL.

Rev. Civ. Code, § 1277, makes contracts restraining anyone from exercising
a lawful vocation, otherwise than as provided in the following sections,
void. Section 1278 enables one selling the good will of a business to
agree with the buyer to refrain from carrying on a similar business
within a specified county or city. Section 1279 permits partners, on
dissolution of the partnership, to agree that none of them will carry on
a similar business within the same city or town. Plaintiff and defend-
ant dissolved a partnership existing between them on July 23rd; recit-
ing in the contract of dissolution the sale by defendant to plaintiff of his
entire interest in the business, together with the good will and clientage
thereof. On August 1st following, they entered into another agree-
ment, reciting the sale by defendant to plaintiff of abstract books, iron
safe, and letter press for a certain sum, and stipulated as a further con-
sideration that plaintiff should give defendant the free use of the ab-
stract books, and should keep them in defendant's office, and defendant
should not compile abstracts or engage in the abstract business. Held,
that the parties not being partners at the time of the subsequent agree-
ment, and the sale not being one of good will, as it was sold by the first
agreement, and there was no mention thereof in the subsequent one,
the restraint on defendant from engaging in the abstract business was
in violation of the sections of the Code above cited.

(Opinion filed April 5, 1904.)

Appeal from circuit court, Davison county; Hon. FRANK
B. SMITH, Judge.

Action by R. D. Prescott against F. A. Bidwell. From a
judgment for plaintiff, defendant appeals. Reversed.

*C. H. Dillon*, for appellant.
*Preston & Hannett*, for respondent.

FULLER, J.   On the 23d day of July, 1900, plaintiff and defendant mutually dissolved the partnership of Prescott & Bidwell, in the name of which they were engaged for several years immediately prior thereto in the land, loan, abstract and insurance business in the city of Mitchell.   The consideration was $5,761, and it is recited in the contract of dissolution that "the said R. D. Prescott sells to said F. A. Bidwell his entire interest in said partnership business which includes the land, loan, abstract and insurance business together with the good will and clientage of said business.   *   *   *   It is further agreed that said F. A. Bidwell can conduct the said business in the name of Prescott & Bidwell for two months from this date and the said F. A. Bidwell shall pay the debts which said partnership owe including suit costs in case against Abbie Rhoades and collect all bills owing to said partnership."   The agreement upon which this action is based, and for an alleged breach of which plaintiff recovered judgment, is as follows:   "This agreement made this first day of August, 1900, by and between R. D. Prescott and F. A. Bidwell, witnesseth:   That R. D. Prescott has this day bought of F. A. Bidwell the abstract books of the records of Davison county, including tax records, judgment docket, small iron safe and letter press, for the sum of two thousand dollars ($2,000), the receipt thereof is hereby acknowledged by said F. A. Bidwell.   In further consideration of said sale, said R. D. Prescott agrees to give said F. A. Bidwell the free use of said abstract books at all times, and to keep them in the office of said F. A. Bidwell on lot 17 in block 12, in Mitchell, South Dakota, so long as rent, fuel and lights

18 S. D.—5

are furnished free to said R. D. Prescott.  In further consideration of said sale, said R. D. Prescott agrees that in case he shall elect to sell said abstract books, the said F. A. Bidwell shall have the right to purchase them back, provided he will give as much cash for them as any one else.  It is further agreed that said F. A. Bidwell shall not compile abstracts or engage in the abstract business in Davison county, and that said R. D. Prescott shall not engage in the land, loan or insurance business in said county.  It is further agreed that said R. D. Prescott shall complete and carry out a certain contract for abstract work made between himself and the Dakota University."  The acts of appellant in alleged violation of this agreement are stated in the complaint as follows:  "That soon after the purchase of said business by this plaintiff the said defendant did engage in the abstract business in Davison county aforesaid, and did compile abstracts of title to real estate in said county, and has continuously ever since conducted the same, by making and furnishing to customers abstracts of title to real estate in said Davison county; that he has continuously solicited custom and patronage, and advertised the making of such abtracts, and demanded and received compensation therefor, and thereby he has diverted and drawn away from this plaintiff customers and patronage that would have otherwise come to plaintiff in the making of such abstracts."  Although it is averred in a separate paragraph, as an element of damage, that, by reason of appellant's engaging in the business, respondent was obliged to remove to a different location in the city, no cause of action was stated therein, but we shall assume for the present that the demurrer to the foregoing recitals of the complaint was properly overruled.

Upon the theory that respondent did not purchase the good will of the business which appellant then owned, together with a present right to do business at the established place in the name of Prescott & Bidwell, it is alleged in the answer and urged on appeal that the stipulation not to engage in the abstract business in Davison county is in restraint of trade, against public policy, and absolutely void, under the following sections of the Revised Civil Code:

"Sec. 1277.   Every contract by which any one is restrained from exercising a lawful profession, trade or business of any kind, otherwise than as provided by the next two sections, is to that extent void.

"Sec. 1278.   One who sells the good-will of a business may agree with the buyer to refrain from carrying on a similar business within a specified county, city, or a part thereof, so long as the buyer, or any person deriving title to the good-will from him, carries on a like business therein.

"Sec. 1279.   Partners may, upon or in anticipation of a dissolution of the partnership, agree that none of them will carry on a similar business within the same city or town where the partnership business has been transacted, or within a specified part thereof."

The parties to the agreement not being partners at the time of its execution and delivery, the same is clearly void in the particular under consideration, unless appellant sold the good will of the business, and vested the title thereto in respondent.   When Bidwell sold the books, letter press and safe to respondent, he owned the established business and everything pertaining thereto, including the important item of good will, which was not mentioned in the agreement; and his re-

tention of the free use of the abstract books at all times, and the right to keep them in his office, so long as rent, fuel, and lights were furnished to respondent, in no manner tends to strengthen the view that a sale of good will was intended. Adopting the definition of Lord Eldon, Mr. Bishop says at page 520 of his work on Contracts that "a good will is the probability that the old customers will resort to the old place." With reference to a commercial partnership business, requiring no special personal skill or professional knowledge, Judge Story says: "This good will may be properly enough described to be the advantage or benefit which is acquired by an establishment, beyond the mere value of the capital, stock, funds, or property employed therein, in consequence of the general public patronage and encouragement which it receives from constant or habitual customers, on account of its local position or common celebrity, or reputation for skill or affluence or punctuality, or from other accidental circumstances or necessities, or even from ancient partialities or prejudices." Story on Partnerships, § 99. No claim is made that the books, letter press, and safe were not reasonably worth the stipulated price, and there is nothing in the contract to indicate that respondent intended to carry on the business further than to complete certain abstract work for the Dakota University. As evidenced by the contract made a few days earlier than the one under consideration, respondent sold to appellant all his interest in the going abstract business, with the good will and clientage especially mentioned; and it seems scarcely reasonable to hold that a sale of the books, safe, and letter press, without further specification, is sufficient to transfer, by implication, such business, good will, and clientage. In a Louisiana case, where

the purchaser of a livery stable outfit consisting of horses, harnesses, and vehicles, acquired the going business, and the right to remain upon the premises under a lease for a term of five years, with the privilege of renewal, it was stipulated that the vendor and lessee should not engage in the business within a radius of six miles during a specified time; and it was held that the good will of the business was not sold, because not mentioned in the contract.   Hebert v. Dupaty, 42 La. Ann. 343, 7 South. 580.   For the reason that the principal element of good will is the tendency of the customers to resort to the place where they have been accustomed to bestow their patronage, it was held that good will could not be transferred to a copartner, separately from a lease of the premises, although he bought all the partnership assets, consisting of furniture and personal property used in keeping the Hoffman House in the city of New York.   Mitchell v. Read, 19 Hun. 418.   Apparently, appellant has retained the privilege of doing business in the partnership name for the time specified in the original agreement, with the absolute right to use the abstract books at all times, and to keep them in his office, so long as he is willing to furnish respondent free rent, fuel, and lights.   As respondent, in his former contract, appears to have considered it necessary to employ express terms in order to transfer his interest in the going business, good will, and clientage of the partnership, it seems reasonable to infer from the present agreement that he intended to purchase nothing but the books, letter press and safe.   Had appellant expressly agreed to sell and transfer his abstract business to respondent, and, for his convenience and profit, surrender the possession of the office in which it was being carried on, there may be authority to the

effect that such a sale carries the good will, although not mentioned; but no case has been found which includes the good will by implication, where the going business is not mentioned, nor the premises leased or conveyed to the vendee for the future conduct of such business. The good will not being sold, the restraint attempted is contrary to the statute, and renders the contract, to that extent, void.

The judgment appealed from is reversed, with the direction that the action be dismissed.