KIDDER EQUITY EXCHANGE, Respondent, v. NORMAN, Appellant.

(173 N. W. 728).

(File No. 4555.   Opinion filed August 15, 1919.)

1. **Injunction—Enjoining Firm Elevator Business, Purchase of Elevator and Good Will from Partner—Restraint of Trade, Public Policy Re—Statute—"Good Will of Business," Construed.**

Where a partner in the grain elevator business contracted with plaintiff for sale by the partnership of a grain elevator, and agreed that the firm would not enter into buying or selling

of grain in K, where the elevator was located, and a bill of sale of the elevator was prepared by plaintiff naming the co-partnership as grantees, purporting to convey also the good will of the firm business and agreeing not to engage in grain deal-ing in and around K, which instrument was substituted by another between plaintiff and the partner after the partner had advised plaintiff that he was sole owner of the elevator, the new instrument being otherwise similar to the original; held, that, the other partner being without knowledge of the con-tract for sale of the good will, and having never authorized an agreement not to engage in the business of buying grain at K, and the partnership business having been conducted at K, trial court erred in rendering judgment enjoining the partner-ship business; that the unexecuted bill of sale was immaterial; plaintiff having knowledge of the true situation before it took the bill of sale. Held, further, that contracts in restraint of business are void as against public policy; (Rev. Code 1919, Sec. 898); that while under the statutory exception of a sale of the good will of a business, a valid agreement not to engage therein may be made, yet one partner has no authority to dis-pose of a partnership good will without consent of the partner (Rev. Code 1919, Sec. 1313); that wherein the bill of sale attempted to transfer partnership good will it was void.

2.   Sales—Sale of "Good Will of Business"—Sale of Elevator, Whether of "Business"—Attempted Sale of Partnership Busi-ness by Partner, Effect.

Under Rev. Code 1919, Sec. 253, providing for sale of the "good will of a business," held, that the sale of a grain elevator is not per se sale of "good will of a business" within said statute; and the attempted agreement by a partner to sell the firm business good will was invalid.

Appeal from Circuit Court, Marshall County. Hon. Thomas L. Bouck, Judge.

Action by Kidder Equity Exchange, a corporation, against Gus N. Norman, to enjoin defendant from engaging in the busi-ness of grain dealer at Kidder, South Dakota. From a judg-ment for plaintiff, and from an order denying a new trial, de-fendant appeals. Reversed.

Frank McNulty, for Appellant.

Campbell & Walton, for Respondent.

(1)   To point one of the opinion, Respondent cited, re re-straint of trade:

12 Ruling Case Law 984; Caswell v. Hazard, 121 N. Y. 484, 18 Am. St. Rep. 833.

(2)   To point two, Appellant cited:

Art. II, Chap. 2, Civil Code, Sec. 1741; North S. B. and S. C. v. Stebbins, 2 S. D. 74; Prescott v. Bidwell, 18 S. D., 64 N. W. 93; Griffing et al. v. Dunn, et al., 23 S. D. 141, 120 N. W. 890, 20 Ann. Cas. 579.

WHITING, J.   This action was brought to enjoin defendant from engaging in the business of grain dealer at Kidder, S. D. Judgment was for plaintiff, and defendant appeals from the judgment and from an order denying a new trial.

The facts are undisputed. Defendant, together with one Johnson, under the firm name and style of Norman & Johnson Grain Company, was engaged in the business of buying grain at Kidder. Plaintiff, desiring to purchase an elevator at the said town, entered into negotiations with defendant for the purchase of the elevator wherein the above partnership was doing business, supposing the said elevator to be the property of such copartnership. Norman had charge of the business at Kidder. Johnson resided at and had charge of a similar business for said firm at another town. The firm had in all some four places of business at as many different towns. Plaintiff and defendant entered into an agreement, of which a memorandum was made, which memorandum was dated July 31, 1917. The substance of such memorandum was that the party of the first part, the Norman & Johnson Grain Company, agreed to sell their elevator at Kidder, S. D., for $6,500, and agreed not to enter into the buying or selling of grain in Kidder, and plaintiff agreed to pay the above amount for the elevator on or before August 4, 1917. This memorandum was signed on the part of the first party as follows: "Norman & Johnson Grain Company, by G. N. Norman, Mgr." Plaintiff had prepared a bill of sale in which the copartnership was named as grantor, which bill of sale described the said elevator and contained a clause to the effect that the grantors conveyed the good will of their business and agreed not to engage in the buying and selling of grain in and around Kidder, S. D. When this bill of sale was presented to Norman for signature, he advised plaintiff that the elevator was not the property of the partnership, but was his sole and separate property, and that therefore he could not sign the bill of sale as prepared. A new bill of sale was then prepared by Norman, which in no man-

ner referred to the copartnership, except that in designating said elevator it was referred to as the "Norman & Johnson Grain Company." In this bill of sale there was included the following:

"As a further consideration for the sale and purchase of the above-described property, the parties of the first part individually hereby agree not to engage in the buying and selling of grain in and around Kidder, S. D. It being agreed that all the parties of the first part hereby sell the good will of the business as well as the described property."

The above-quoted words were in substance identical with the corresponding part of the unexecuted bill of sale. While Johnson was advised by Norman that he had contracted to sell the elevator, he never was advised of, and he never knew of or gave any authority for, the sale of the business or its good will, and he never authorized an agreement not to engage in the business of buying grain at Kidder. The partnership, by Norman, afterwards entered upon the business of buying and selling grain at Kidder.

[1-3] We think it perfectly clear that the trial court was in error. The memorandum and the unexecuted bill of sale were absolutely immaterial. Plaintiff knew what the true situation was before it closed the deal and took the bill of sale. The rule is that contracts in restraint of business are void as against public policy. Section 898, Rev. Code 1919. An exception is made in the case of a sale of the good will of a business. In such case there can be a valid agreement not to engage in the same business; such agreement limited as to time and place. Section 899, Rev. Code 1919. One partner, as such, has no authority to dispose of the good will of a partnership business unless his copartners have abandoned the business to him, or are incapable of acting. Section 1313, Rev. Code 1919. Johnson had not abandoned the business; neither was he incapable of acting. Therefore, if the bill of sale was subject to a construction holding it to attempt to transfer the good will in the partnership business, it was in that respect void. There can be no good will in a building; hence Norman had no good will which he, as an individual could sell. The good will which is property, and therefore subject to sale, is the "good will of a business." Section 253, Rev. Code 1919. No "good will of a business" having

been sold, the attempted agreement not to engage in business was invalid, just as much as it would have been invalid if some person other than Norman, or some firm or corporation in which Norman had no interest, had been occupying this elevator at the time Norman gave the bill of sale.

The judgment and order appealed from are reversed