### ARGUED AND DETERMINED

#### IN THE

# SUPREME COURT

#### OF

# NORTH DAKOTA

---

I. S. BESSEL, Respondent, v. A. W. BETHKE, Appellant.

(215 N. W. 868.)

**Good will — stockholder's sale of business with agreement not to engage in competing business may involve good will.**

1. Where a stockholder is an officer of a corporation and has contributed his personal skill in conducting the business of the corporation, a sale of his entire stock, accompanied by an agreement not to re-engage in a similar or competing business, may involve the sale of the good will.

**Contracts — owner of stock, selling it, may make valid contract not to engage in competing business.**

2. Where the owner of a majority of the stock in a corporation and the owner of a minority of the stock enter into a contract for the sale of all the stock of the latter to the former, and where it appeared that the vendor had been active and was especially skilled and experienced in the different branches of the business conducted by the corporation, and where as a part of the consideration he had agreed not to re-engage in a similar business as owner or agent within a radius of fifteen miles from the city where the business was located and for a limited period of time, it is held that such contract, though in re-

---

Note.—(1) As to validity of restriction in contract for sale of good will, see 12 R. C. L. 983, 984; 2 R. C. L. Supp. 1523; 4 R. C. L. Supp. 781; 5 R. C. L. Supp. 668; 6 R. C. L. Supp. 811.

straint of trade or profession within § 5928 of the Compiled Laws of 1913, is valid as accompanying the sale of the good will within the exception stated in § 5929 of the Compiled Laws of 1913.

**Injunction — granting temporary restraining, discretionary.**
   3. The granting of a temporary restraining order is discretionary, and it is held that the discretion was not abused in the instant case.

Opinion filed November 4, 1927.

Contracts, 13 C. J. § 432 p. 489 n. 76.   Good Will, 28 C. J. § 8 p. 738 n. 74.   Injunctions, 32 C. J. § 11 p. 29 n. 13.

Appeal from the District Court of Wells County, *Coffey,* J.
Affirmed.

*Combs, Ritchie & Hanchett,* for appellant.

"The sale or transfer of a good will can be created upon the facts only through implying that the physical property sold was of less value than the consideration paid, and that therefore the difference must represent good will, and that this good will so represented by such value was a part of the consideration in the transfer of the building." Brottman v. Schela, 52 N. D. 137, 202 N. W. 132.

"Under the statute in selling the good will of a business it is only competent for a party to agree with the buyer to refrain from carrying on a similar business within a specified county or city, and also that the remedy by injunction is summary, peculiar and extraordinary, and lies only to prevent general irreparable mischief." Strobeck v. McWilliams, 42 N. D. 30, 171 N. W. 865.

*Aloys Wartner,* for respondent.

The good will (of a business) although not specifically mentioned, passes to the transferee as an incident thereto; and a fortiori, this is true where the sale of the premises or interest is made pursuant to an agreement or under circumstances implying the good will thereof.   28 C. J. 738, citing Smith v. Webb, 40 L.R.A.(N.S.) 1191; Didlake v. Roden Grocery Co. 22 L.R.A.(N.S.) 907; Schaefer v. Sloam, 85 Pac. 162.

Good will attaches to corporate business the same as to partnership business.   Langer v. Fargo Mercantile Co. 48 N. D. 545, 186 N. W. 104.

The good will of a business is an asset and cannot be appropriated by majority stockholders. Mapes v. Metcalf, 10 N. D. 601.

"A verbal contract whereby parties who are officers of a state bank sell a majority of the capital stock of the bank and agree not to engage in the banking business, again, in the village where the bank is located, is valid and if the vendors violate the agreement they may be enjoined from continuing such violation." Farmers State Bank v. Petersburg State Bank (Neb.) 187 N. W. 107.

BIRDZELL, Ch. J. This is an appeal from an order overruling a demurrer to the complaint and from orders granting and continuing in force a restraining order. The complaint alleges that on and prior to the 11th day of February, 1927 the defendant was a stockholder and the vice president of the Harvey Hardware and Furniture Company, a domestic corporation; that he was the owner of 48 shares of capital stock at the par value of $100 a share, and that on the 11th day of February he entered into the following agreement with the plaintiff for the sale of his stock:

"Know all men by these presents, that I, A. W. Bethke, of Harvey, North Dakota, hereinafter called the party of the first part, and I. S. Bessel, of Harvey, North Dakota, hereinafter called the party of the second part, WITNESSETH: That whereas the party of the first part is the owner of forty-eight (48) shares of the Capital Stock of the Harvey Hardware and Furniture Company, a corporation, of the par value of One Hundred Dollars per share, and

"Whereas, the said A. W. Bethke is desirous of selling the said stock, and,

"Whereas, the said A. W. Bethke is a licensed undertaker and embalmer in the State of North Dakota and also a skilled and experienced hardware and furniture man and was working in his profession and trade with the said Harvey Hardware and Furniture Company, and

"Whereas, the party of the second part has agreed to purchase said stock upon the following terms and conditions, to wit: That he will pay to the party of the first part the sum of Thirty-Three Hundred and Sixty Dollars ($3,360) in cash for said stock, and with the further

understanding and consideration made to him by the party of the first part that the party of the first part agrees that he will not engage in the undertaking, embalming, funeral directing, hardware or furniture business either as owner or as agent, servant, manager or clerk for himself or for anyone else, in the City of Harvey, nor at any other place within a radius of fifteen miles from the city of Harvey, North Dakota, for a period of ten years from this date.

"Now, therefore, it is mutually agreed that the party of the first part does hereby agree to sell, assign and transfer unto the party of the second part forty-eight shares of the capital stock of Harvey Hardware and Furniture Company which are evidenced by stock certificate number four for thirty shares and stock certificates number nine for eighteen shares, and the said party of the first part does hereby agree to all terms and agreements of this contract as herein set forth, and the party of the second part does hereby agree to pay to the party of the first part for said stock and for first parties agreement to comply with the terms of this contract the sum of Thirty-Three Hundred and Sixty Dollars upon the signing by first party of this agreement and the transferring and assigning of the stock certificates hereinbefore described.

"In witness whereof, the said parties have hereunto set their hands this 11th day of February, A. D. 1927."

There are allegations that the plaintiff performed the agreement on his part and that the defendant violated the terms of the contract "and is now engaged in the hardware, furniture and undertaking business at the city of Harvey, by having employment from one Alfred Hannes in the city of Harvey and who is at this time engaged in the hardware, furniture and undertaking business, in the city of Harvey, contrary to the terms of the agreement hereinbefore set forth." It is alleged that the Harvey Hardware and Furniture Company is still engaged in the same business in the city of Harvey; that the plaintiff is still the owner and holder of the 48 shares of the capital stock purchased from the defendant and will be greatly damaged, the stock depreciated in value and the business of the company greatly injured if the defendant be not restrained from further violating the contract and agreement. The defendant was ordered to show cause why he should not be enjoined from engaging in the business within a radius of fifteen miles from

the city of Harvey and be restrained pending the further order of the court. The defendant demurred and moved to discharge the order to show cause and the temporary injunction. The trial court overruled the demurrer and continued the restraining order in force.

The appellant contends that the contract in question, in so far as it purports to bind the defendant not to re-engage in the hardware, furniture and undertaking business, is not valid, and reliance is had upon §§ 5928–5930 of the Compiled Laws of 1913. It is argued that § 5928 makes invalid every contract by which one is restrained from exercising a lawful profession, trade or business, except to the extent their validity is recognized in the two following sections, and that this contract is not within the exceptions. The first of the two following sections (§ 5929) provides that one who sells the good will of a business may agree to refrain from carrying on a similar business within a specified county, city or part thereof; and the next provides that partners may, upon or in anticipation of the dissolution of a partnership, agree that none of them will carry on a similar business within the same city or town.

It is said that the contract in question neither involves the sale of the good will of a business, nor the dissolution of a partnership, and the agreement is compared with the contract considered by this court in the case of Brottman v. Schela, 52 N. D. 137, 202 N. W. 132. Obviously, the case depends upon the proper and reasonable interpretation of the contract. Does it when considered in the light of what the parties may fairly be said to have had in contemplation when making it violate public policy, as expressed in the statutes above referred to?

It is fairly to be inferred from the contract and from the circumstances in which it was to operate, as disclosed in the contract itself, by the complaint and the affidavits before the court, that Bethke and Bessel were the parties principally interested in conducting a hardware, furniture and undertaking business in the city of Harvey; that the business was conducted by a corporation in which they were officers and the principal stockholders, Bessel owning a majority of the stock; that Bethke was a licensed undertaker and embalmer and was also skilled and experienced in the hardware and furniture business; that the latter was desirous of selling to Bessel his interest in the business

as represented by his stock, and that Bessel in turn was willing to buy it with the understanding that Bethke would not engage in a like business as owner or agent in the same locality for a prescribed length of time, and that this was a part of the consideration for the purchase. The mere fact that the good will is not expressly mentioned is not conclusive that it was not made a subject matter of the contract. The sale of good will may be evidenced, in part at least, by the payment of a consideration for a promise to abstain from re-engaging in the same business (Mapes v. Metcalf, 10 N. D. 601, 88 N. W. 713), and, where the proprietorship is changed, the intent to transfer the good will is all the more apparent. If the parties had been associated as partners, instead of as stockholders and officers in a corporation, the contract would clearly have been within the express exception which permits partners in contemplation of dissolution to dispose of the good will and to contract restraints for its protection. The fact that the real proprietors of the business were associated as stockholders rather than partners, is all that prevents their contract from falling literally within the second exception of the statute; but it does not prevent it from being wholly within its spirit. While, technically, it may violate the letter of the statute, it does not violate its policy.

But assuming, without deciding, that the contract does not fall within the second exception of the statute, we are of the opinion that it is valid as being within the first exception. As previously indicated in this opinion, we think the contract, fairly construed in light of the circumstances in which the parties were dealing and of the objects sought to be accomplished, involves the sale of the interest of the vendor in the good will of the business and, therefore, the sale of "the good will of the business" within § 5929. Good will is an asset for which the officers of a corporation may, in proper circumstances, be held accountable. Macfadden v. Jenkins, 40 N. D. 422, 169 N. W. 151; Langer v. Fargo Mercantile Co. 48 N. D. 545, 186 N. W. 104. Where one sells his stock he necessarily disposes of his interest in the good will of the business conducted by the corporation to the same extent as he parts with his interest in any other property of the corporation. And where, as in the instant case, he disposes of all his stock and severs his connection with a business that had been in a measure dependent for its success upon his skill or ability and contracts

at the same time not to re-engage in the same business within an area permitted by the statute, he has, in fact, sold the good will within the exception and the contract is valid. Any other construction of the statute would involve a sacrifice of substance to form. The statute is not concerned with the form of the ownership or the manner in which the good will is sold. It simply provides that when one sells the good will of a business he may agree to refrain, etc. If the contention of counsel were upheld it would follow that one holding ninety-nine per cent of the stock in a corporation which was engaged in a profitable business in which the good will was the principal asset, could not, upon the sale of all his stock, make a valid contract to protect the good will against the consequences of his engaging immediately in the same business in the same locality.

There is a further contention by the appellant that the record shows that Bessel, the owner of the controlling interest in the corporation, had exercised his power of control to coerce the defendant and that, hence, the contract is so unfair that a court of equity should not lend its aid to enforce it. The granting of a temporary restraining order is discretionary. The case has not been tried on the merits, and we are of the opinion that the record before us does not show that the discretion was not properly exercised in favor of the respondent.

The orders appealed from are affirmed.

NUESSLE, CHRISTIANSON, BURKE, and BURR, JJ., concur.