LOESCHER, Appellant v. POLICKY, Respondent

(173 N.W.2d 50)

(File No. 10645.  Opinion filed December 16, 1969)

Rehearing denied January 23, 1970

**Gary R. Richards,** Spearfish, for plaintiff and appellant.

**Overpeck, Hamblin & Mueller,** Belle Fourche, for defendant and respondent.

HOMEYER, Judge.

By this appeal review is sought of a judgment and decree entered in a declaratory judgment action which enjoins the plaintiff, James L. Loescher, appellant herein, from practicing veterinary medicine in South Dakota within a 25 mile radius of the City of Spearfish for a 10 year period beginning July 1, 1965 and ending June 30, 1975.

Both plaintiff and the defendant herein, Robert A. Policky, are veterinarians licensed to practice in South Dakota. Policky resides at Spearfish, in Lawrence County, South Dakota, where he has an established veterinary practice and an animal hospital used in connection with such practice. During the latter part of January 1965, Loescher was working for a Rapid City veterinarian, when contacted by Policky concerning possible employment to assist in the Spearfish practice. Discussion resulted in Loescher being employed by Policky on a salary and commission basis commencing work on or about February 15, 1965. Although a written contract and the provisions thereof were discussed from the inception, the contract was not formally executed until July 1, 1965, the date it bears. Both parties were familiar with its contents at the time of execution.

The contract specifies the place of practice and employment as Spearfish, Lawrence County, South Dakota, and contains the following provision:

"It is further agreed by the Manager that upon the termination of this agreement he, said Manager, cannot enter into the practice of veterinary medicine in Lawrence County, South Dakota, nor can he work as an employee for another veterinarian whose practice extends into or covers the trade area of Lawrence County, South Dakota, for a period of ten years after termination of this agreement."

Appellant's prime contention is that this restrictive clause does not conform to the time and place requirements of our statute; consequently it is void and the trial court erred in granting the injunction.

The original territorial statute[1] pertaining to unlawful contracts with which we are here concerned consisted of three sections:

---

1. Civ.C. 1877, §§ 959, 960, 961.

Section 959: "Every contract by which any one is restrained from exercising a lawful profession, trade or business of any kind, otherwise than as provided by the next two sections, is to that extent void.

Section 960: "One who sells the good will of a business may agree with the buyer to refrain from carrying on a similar business within a specified county, city, or a part thereof, so long as the buyer, or any person deriving title to the good will from him, carries on a like business therein.

Section 961: "Partners may, upon or in anticipation of a dissolution of the partnership, agree that none of them will carry on a similar business within the same city or town where the partnership business has been transacted, or within a specified part thereof."

These sections were included in subsequent codes[2] with slight change until 1929 when section 900 of the Revised Code of 1919 was amended[3] by adding thereto the following:

"and an employee may agree with an employer, at time of employment, or at any time during such employment, not to engage directly or indirectly in the same business or profession as that of his employer for any period not exceeding ten (10) years from date of such agreement and within any specified territory not exceeding a radius of twenty-five (25) miles from the principal place of business of the employer, as specified in such agreement. Provided, however, that such contracts between employee and employer shall apply only to those engaged in some profession, the practitioners of which must be duly licensed in the state of South Dakota."

2. C.L. 1887, §§ 3583, 3584, 3585; R.Civ.C. 1903, §§ 1277, 1278, 1279; R.C. 1919, §§ 898, 899, 900.
3. S.L. '29, Ch. 88.
4. S.D.C. 1939, § 10.0706.

In the 1939 revision the foregoing sections were combined into one section with three subsections,[4] and in the 1967 compilation they constitute four separate sections.[5]

Four other states have the same or similar statutes. The original territorial statute is a verbatim copy of the statute of California[6] which dates back to 1872 and was taken from Field's New York Civil Code.[7] North Dakota and Oklahoma have a like statute dating from territorial days and statehood.[8] Alabama included this statute in their 1923 Code,[9] and then Section 6827 was amended in 1931.[10]

In this state, as well as elsewhere, there are many decisions dealing with contracts in restraint of trade. Decisions of this court in which the validity of restrictive clauses were considered pertain to the sale of the good will of a business or the dissolution of a partnership. Prescott v. Bidwell, 18 S.D. 64, 99 N.W. 93; Griffing v. Dunn, 23 S.D. 141, 120 N.W. 890; Brown v. Edsall, 23 S.D. 610, 122 N.W. 658; Public Opinion Publishing Co. v. Ransom, 34 S.D. 381, 148 N.W. 838; Kidder Equity Exchange v. Norman, 42 S.D. 229, 173 N.W. 728, 5 A.L.R. 1180. See also Lien v. Northwestern Engineering Co., 73 S.D. 84, 39 N.W.2d 483. We have found no cases wherein the 1929 amendment was discussed. North Dakota, California and Oklahoma have no similar amendment. The Alabama amendment is in many respects similar to ours.

It will be noted that the legislature inserted the words "is to that extent void" in the original statute. Decisions from other states with like statutes generally have construed this to mean,

---

5. S.D.C.L. 1967, 53-9-8, 53-9-9, 53-9-10 and 53-9-11.

6. Cal.Civ.Code §§ 1673, 1674, 1675 (1872).

7. Field's Draft of New York Civil Code, §§ 833, 834, 835.

8. North Dakota Century Code 9-08-06; Oklahoma Statutes, 1941, Title 15, §§ 217, 218, 219.

9. Code of 1923, §§ 6826, 6827, 6828, (Ala.)

10. General Acts 1931, page 647, now Code of Alabama, Title 9, § 23, which reads: "One who sells the good will of a business may agree with the buyer, **and one who is employed as an agent, servant, or employee may agree with his employer,** to refrain from carrying on **or engaging in** a similar business and from **soliciting old customers of such employer** within a specified county, city, or part thereof, so long as the buyer or any person deriving title to the good will from him, **and so long as such employer** carries on a like business therein." The parts boldface in substance were added by the 1931 amendment.

as applied to following section relative to the sale of the good will of a business, that a contract restraining the seller of the business from engaging in a competitive business is not wholly void when either time or area exceeds limits permitted by statute. City Carpet Beating, etc. v. Jones, 102 Cal. 506, 36 P. 841; Franz v. Bieler, 126 Cal. 176, 56 P. 249, 58 P. 466; Edwards v. Mullin, 220 Cal. 379, 30 P.2d 997; Wesley v. Chandler, 152 Okl. 22, 3 P.2d 720; Hartman v. Everett, 158 Okl. 29, 12 P.2d 543. See also Wood v. May, 73 Wash.2d 307, 438 P.2d 587, where no statute was involved.

In Mahlstedt v. Fugit, 79 Cal.App.2d 562, 180 P.2d 777, a contract which was construed to include a sale of good will of the business did not specify the restricted area. The court said:

> "If the contract is unrestricted as to the territory in which the seller agreed to refrain from competition with the purchaser of his business, or if it includes more territory than that provided by law it will be construed to be operative within the county or portion thereof in which the business is located. City Carpet, etc., Works v. Jones, 102 Cal. 506, 512, 36 P. 841; Stephens v. Bean, 65 Cal.App. 779, 783, 224 P. 1022; General Paint Corp. v. Seymour, 124 Cal.App. 611, 614, 12 P.2d 990. And if the agreement is indeterminate as to the period of its opera- tion, or is without time limit, the court will construe it to cover the time permitted by law. Gregory v. Spieker, 110 Cal. 150, 153, 42 P. 576, 52 Am.St.Rep. 70; Brown v. Kling, 101 Cal. 295, 298, 35 P. 995."

The courts of Alabama under their amendment, see foot- note 10, have considered the employer-employee relationship. They have recognized that the connotation and purpose of the amendment is closely related to the protection of the good will of a going business and a purchaser thereof. As such it has been held a contract of employment may contain a provision re- stricting the employee from engaging in a competitive business or employment within a limited area. Shelton v. Shelton, 238 Ala. 489, 192 So. 55.

■ In McNeel Marble Co. v. Robinette, 259 Ala. 66, 65 So.2d 221, the restraint in the employment contract undertook to bind the employee from competing in 47 counties in Alabama and 5 in Georgia. The statute imposed a one-county limitation and an injunction was sought and granted for only Jefferson County. The court held this was permissible. See also Yost v. Patrick, 245 Ala. 275, 17 So.2d 240; Rush v. Newsom Exterminators, Inc., 261 Ala. 610, 75 So.2d 112; Hill v. Rice, 259 Ala. 587, 67 So.2d 789.

Appellant relies strongly upon the decision in Mandan-Bismarck Livestock Auction v. Kist, N.D., 84 N.W.2d 297, to support his position. We have considered that case and insofar as it may purport to hold wholly void a covenant in restraint of trade in excess of the statutory territorial limitation we believe it is contrary to holdings in jurisdictions with like statutes and we are not persuaded by it. Other factors appear to have influenced that decision. Included are attempted enforcement of the whole contract against the sellers who received only a nominal consideration; absence of formula for apportioning the consideration; and the fact that specific performance of the contract was sought by the buyers when its terms were not "sufficiently clear, specific and definite in its terms to entitle the plaintiff to specific performance."

In a later case, Igoe v. Atlas Ready-Mix, Inc., M.D., 134 N.W.2d 511, the **Kist** case was analyzed and distinguished. Relying strongly upon Olson v. Swendiman, 62 N.D. 649, 244 N.W. 870, discussed in **Kist,** the North Dakota court held a covenant in restraint of trade included in the sale of business which specified two cities was enforceable in the City of Bismarck where the business appears to have been located, but void and unenforceable in the other city. This accords with the majority view of states with similar statutes which we choose to follow.

■ Appellant also urges invalidity because he says the covenant in restraint is in excess of the maximum time limit permitted by the statute. This argument is premised on the fact

that the contract provides the restraint shall be "for a period of ten years after the termination of this agreement." The term of employment was for one year commencing July 1, 1965, and from year to year thereafter for an indefinite time, but could be terminated by either party after the primary term upon 60 days', written notice. The statute limits the restraint "for any period not exceeding ten (10) years from date of such agreement." We see no merit to this contention.

In Public Opinion Publishing Company v. Ransom, supra, the agreement on sale of a business provided for a restraint of ten years under the statute which prescribed a limitation of "so long as the buyer, or any person deriving title to the good will from him, carries on a like business therein." This court refused to apply a strict construction to the contract and considered failure to comply with the time terminology of the statute of no significance so long as the contract was capable of enforcement during the time limits of the statute.

Under a like statute the California court in Gregory v. Spieker, 110 Cal. 150, 42 P. 576, held where no time limit was fixed the contract was not void but would be enforced within the terms of the statute. In Akers v. Rappe, 30 Cal.App. 290, 158 P. 129, a contract fixing the term at twenty years was enforced when the seller six years after the contract engaged in a competing business. See also Brown v. Kling, 101 Cal. 295, 35 P. 995 and Mahlstedt v. Fugit, supra.

■ Finally appellant urges there is no consideration for the restraint. As stated, supra, the contract was executed on July 1, 1965, and it continued until about March 8, 1967, when appellant voluntarily terminated his employment. Within a week thereafter he rented a building and engaged in the practice of veterinary medicine at the City of Spearfish, in Lawrence County, South Dakota, and advertised such business.

In our opinion, compliance with the contract through the first year, and from July 1, 1966, to its termination, and the employer's apparent willingness to continue it for an indefinite

period into the future provided adequate and valuable consideration for the covenant in restraint. Stokes v. Moore, 262 Ala. 59, 77 So.2d 331. See also Hill v. Rice, 259 Ala. 587, 67 So.2d 789, and D. B. Clayton & Associates v. McNaughton, 279 Ala. 159, 182 So.2d 890; 17 C.J.S. Contracts § 257; 35 Am.Jur., Master & Servant, § 99.

■ ■ The contract limited the restraint to Lawrence County. The judgment enjoined and restrained appellant from practicing veterinary medicine in South Dakota within a 25 mile radius from the City of Spearfish. This court can take judicial notice that the area encompassed by the injunction includes territory outside Lawrence County and consequently in excess of the agreement of the parties although within the confines of the statute. Courts may enforce the covenant within the terms of the statute, but they cannot enlarge the agreement of the parties or make a new agreement for them. McNeel Marble Co. v. Robinette, supra. It is a simple application of the rule that the greater includes the lesser.

The judgment should be modified by limiting the injunction to the City of Spearfish and that part of Lawrence County, South Dakota, located within a radius of 25 miles of defendant's place of business within that city. As modified, it is affirmed. No costs will be taxed.

RENTTO, and HANSON, JJ., concur.

BIEGELMEIER, P. J., dissents.

ROBERTS, J., concurs in dissent.

BIEGELMEIER, Presiding Judge (dissenting).

The North Dakota Supreme Court has had four cases before it involving restraint of trade contracts:

(1) Bessel v. Bethke, 56 N.D. 1, 215 N.W. 868, where in a sale of a business the vendor agreed not to engage in a com-

peting business in "the city of Harvey, nor at any other place within a radius of 15 miles";

(2) Olson v. Swendiman, 62 N.D. 649, 244 N.W. 870, where a dentist agreed not to practice in the "city of Grand Forks, N.D., or the city of East Grand Forks, Minn.";

(3) Igoe v. Atlas Ready-Mix, Inc., N.D., 134 N.W.2d 511, where the restraint was "within the City of Bismarck or the City of Mandan"; and

(4) Mandan-Bismarck Livestock Auction v. Kist, N.D., 84 N.W.2d 297, where seller agreed not to engage in business in the Counties of "Morton and Burleigh".

While it denied specific performance in (4) for the reason the contract was void, it enforced the contracts in (1), (2) and (3) by following the "blue pencil rule" mentioned in the Igoe opinion by blue pencilling or striking out the illegal part and enforcing the legal remainder in each case, thus striking out the divisible and separable "15 miles" in (1); "East Grand Forks" in (2) and "Mandan" in (3) as they were in violation of its similar statute, N.D. Century Code, § 9-08-06.

We are not confronted with the approval of that rule as the court here goes further and enforces the agreement, not by reference to or application of the blue pencil rule, but by changing the contract of the parties in striking out all the provisions and words of restraint relative to its larger territorial area and 10 years **after** termination of the contract and inserts a restraint to the City of Spearfish and that part of Lawrence County located within 25 miles of his former employer's place of business therein for 10 years from the **date** of the contract.

Because contracts in unreasonable restraint of trade are invalid against public policy, 17 C.J.S. Contracts § 238, and the contract at bar exceeds both in territory and time the standard of reasonableness fixed in SDCL, 1967, § 53-9-8 and § 53-9-11, it should not be enforced.