[File No. 6097.]

THEODORE N. OLSON, Respondent, v. GEORGE A. SWENDIMAN, Appellant.

(244 N. W. 870.)

650

Opinion filed October 19, 1932.

*McIntyre & Burlness,* for appellant.

*Thoresen & Paletz,* for respondent.

BURKE, J. The plaintiff sues to recover on a contract entered into on the 10th day of January, 1928, by the terms of which the defendant employed the plaintiff as a dentist to practise the profession of dentistry with the defendant in defendant's office in Grand Forks, North Dakota, for a period of five years. After four years' service the plaintiff quit and brought an action against the defendant on the said contract for an amount claimed to be due him thereon.

The defendant answered, setting up a counterclaim, alleging that the terms of the contract of employment expressly set forth that should the plaintiff leave the employment and service of the defendant at any time during the life of the contract, the plaintiff could not, for a period of two years after leaving such employment, engage either directly or indirectly in the practice of dentistry in any form within the city of Grand Forks, North Dakota, or the city of East Grand Forks, Minnesota. That it was further agreed and understood that the violation by the plaintiff of this agreement not to engage in such practice of dentistry should render plaintiff liable to the defendant in the sum of two thousand dollars, such sum being agreed as the amount of liquidated

damages to be sustained by defendant in case of violation of the contract by plaintiff.

That on the 8th day of February, 1932, the plaintiff did, in express violation of the provisions of the contract, open up an office in the Security Building of Grand Forks, North Dakota, where he has since carried on in his own name and for his own benefit the practice of dentistry to the great damage and injury of the defendant. Such damage and injury will result over a period of years from loss of business and other things, but that the same are of a highly speculative nature and impossible of determination to any exact figure, and the defendant thereupon, invokes the contractual provision for liquidated damages in the sum of two thousand dollars.

The plaintiff demurred to the counterclaim and the demurrer being sustained by the trial judge, the defendant duly appeals from the order sustaining the demurrer.

Appellant claims that, under the contract, plaintiff was at liberty to practise his profession in the city of Grand Forks after the termination of his contract upon payment of two thousand dollars to the defendant. Surely this was not freedom to practise his profession in Grand Forks, since he would have to purchase the freedom with two thousand dollars and there is no merit to this contention.

The "rule of reason," which appellant invokes, applies only to the restraint, that is, is the provision in the contract that the plaintiff would not, for a period of two years after leaving such employment, engage either directly, or indirectly, in the practice of dentistry, in any form, in the city of Grand Forks, North Dakota, or the city of East Grand Forks, Minnesota, a reasonable restraint?

If the appellant is right in his contention that in principle the plaintiff and defendant were partners, then that part which provides that the defendant shall not engage in the profession of dentistry in East Grand Forks, Minnesota, is in violation of § 5930, which provides that "Partners may upon or in anticipation of a dissolution of the partnership agree that none of them will carry on a similar business within the same city or town where the partnership business has been transacted, or within a specified part thereof." That part of the contract which provides that the plaintiff shall not engage in the practice of dentistry in East Grand Forks, Minnesota, would, under this statute, be void.

However, it is well settled that that part can be separated from the part which restrains the plaintiff from practising in Grand Forks, North Dakota, and if the latter is reasonable it would be valid.

The real question in this case is, is the plaintiff within the exceptions to § 5928, Compiled Laws, 1913 ? which reads as follows: "Every contract by which any one is restrained from exercising a lawful profession, trade or business of any kind, otherwise than as provided by the next two sections, is to that extent void."

Section 5929, Compiled Laws, 1913: "One who sells the good will of a business may agree with the buyer to refrain from carrying on a similar business within a specified county, city or a part thereof, so long as the buyer or any person deriving title to the good will from him carries on a like business therein."

Section 5930, Compiled Laws, 1913: "Partners may upon or in anticipation of a dissolution of the partnership agree that none of them will carry on a similar business within the same city or town where the partnership business has been transacted, or within a specified part thereof."

Under § 5928 every contract restraining the exercise of a lawful profession, trade or business is void unless it comes under one of the exceptions. Appellant does not claim that it comes under § 5929 and it is clear that § 5929 applies when the sale of "good will" is ancillary to the sale of a business. There is a great deal of merit to what appellant says about the relation between the plaintiff and defendant under their contract being similar to relations between partners. They worked together in the same office in the same profession, the plaintiff becoming acquainted with the defendant's patrons and at the end of five years, if he entered into the practice of dentistry in his own name in the city of Grand Forks he naturally would take with him a great many of the defendant's patrons, would seriously injure his business and it would seem only right that the defendant ought to be able to contract for his protection. But the kind of a contract entered into in the instant case at common law, is not in the partnership class, but is in a class by itself.

United States v. Addyston Pipe & Steel Co. (C. C.) 85 Fed. 271, 46 L.R.A. 121, Judge Taft, who wrote the opinion, on page 281 says: "For the reasons given, then, covenants in partial restraint of trade

are generally upheld as valid when they are agreements (1) by the seller of property or business not to compete with the buyer in such a way as to derogate from the value of the property or business sold; (2) by a retiring partner not to compete with the firm; (3) by a partner pending the partnership not to do anything to interfere, by competition or otherwise, with the business of the firm; (4) by the buyer of property not to use the same in competition with the business retained by the seller; and (5) by an assistant, servant, or agent not to compete with his master or employer after the expiration of his time of service."

The contract in the instant case comes squarely under the fifth and last class namely "by an assistant, servant, or agent not to compete with his master or employer after the expiration of his time of service," and as this class is not included in either exception to the statute, in this state the order sustaining the demurrer must be affirmed.

CHRISTIANSON, Ch. J., and BIRDZELL, NUESSLE and BURR, JJ., concur.