[Civ. No. 15692.   Second Dist., Div. Two.   May 8, 1947.]

J. F. MAHLSTEDT, Respondent, v. C. A. FUGIT, Appellant.

Merriam, Rinehart & Merriam for Appellant.

W. P. Smith for Respondent.

WILSON, J.—Defendant has appealed from a judgment granting an injunction restraining him for a period of ten years after May 6, 1941, in Los Angeles County, (1) from entering into or conducting any orchard heater business, either as manager or owner, and from soliciting or diverting any of plaintiff's orchard heater business or customers; (2) from acting as salesman or representative of any company or person other than California Orchard Heater Company, the fictitious name under which plaintiff was doing business; (3) from using or permitting the use of the name "C. A. Fugit," "Fugit," "Fugit Smokeless Orchard Heater Company" or "Fugit Smokeless Heater" in connection with the business of manufacturing or conducting any orchard heater business; (4) from advertising or causing to be advertised in any manner any of said names.

On May 6, 1941, appellant and respondent entered into an agreement in writing reading as follows:

"This agreement made this sixth day of May 1941 between C. A. Fugit, of Alhambra, Calif., hereinafter known as the 'Seller' and J. F. Mahlstedt, of Los Angeles, Calif., hereinafter known as the 'buyer' wherein both the buyer and the seller hereby agree to the hereinafter stipulated terms of this agreement wherein the seller agrees to sell and transfer to the buyer and the buyer agrees to accept the following items of property and for such transfer agrees to pay to the seller the sum of $5,000.00 as follows: $2,000.00 on the signing of this contract, and the balance of $3,000.00 at the rate of $1.00 per pipe line heater when sold whether it be a Fugit type or a California Orchard Heater type at the selling price established by the California Orchard Heater Company.

"On payment of the initial sum of $2,000.00 the seller agrees to release and deliver to buyer free and clear of all incumbrances, the following articles:

"All salable goods on hand as of May 3, 1941 as used and sold by the seller in the carrying-on of the business known as the Fugit Smokeless Orchard Heater Company.

"All tools and equipment on hand as of May 4, 1941 as used for the manufacture and installation of pipe line orchard heater systems, including 1 tractor, 1 trailer for tractor, 1 pipe bending machine, 1 flaring machine and all miscellaneous tools, two generators, hose, gauges complete.

"All literature, plates, cuts and half tones used in advertising. Seller also agrees to assign to buyer all patents relative to the Fugit type of orchard heaters.

"Seller agrees to render to buyer a complete list of all persons for whom seller has installed pipe line orchard heaters.

"Seller agrees to refrain from entering into the orchard heater business as a manufacturer or owner in whole or in part, for a period of ten years or to act as a salesman or representative of any orchard heater company other than the California Orchard Heater Co.

"The Buyer hereby agrees that the seller shall act as agent for the sale of pipe line heaters and shall sell only at the list prices established by the buyer and on all sales made by the buyer and on all sales made he shall receive a commission of 30 cents, on each heater sold by him.

"Seller agrees to assume all liabilities of the Fugit Orchard Heater Co., and also agrees to release any and all claim he

might have in plates, patterns, castings, dies or other stock now used or in the possession of the California Orchard Heater Co.

"This agreement made this sixth day of May 1941.

"This agreement consists of two pages."

The consideration provided for in the contract was paid by respondent and he took possession of the personal property described in the agreement. In August, 1945, appellant entered into an arrangement or association with one Wm. H. Fabry who was preparing to manufacture orchard heaters in Los Angeles County and to market them throughout the citrus districts of California. Advertisements appeared in a magazine called California Citrograph published in August and September, 1945, and January, 1946, reciting that appellant was associated with the Fugit-Fabry Company and stating that the company was prepared to furnish replacement parts for orchard heating systems already installed or new systems. The magazine is extensively circulated in the citrus districts of California and is read by citrus growers and by merchants dealing in orchard heaters. Following the publication of said advertisements respondent brought this action resulting in the injunction above outlined.

■ The court found that appellant sold all his property connected with his business and that the good will of the business was included in the sale of his assets. Appellant contends that this finding is not supported by the evidence. Appellant testified that while he and respondent were negotiating for the sale he placed a price of $7,000 on all the property used by him in his business; that respondent objected to the price and to satisfy the objections some of the property was eliminated from the sale and the sum of $5,000 was determined upon and the contract was executed. Respondent testified that he paid the price asked by appellant; that "there was no haggling" and that he received all salable property and merchandise that appellant possessed. Since the evidence is conflicting the finding in accord with respondent's testimony will not be disturbed.

Appellant further contends that since the good will of appellant's business was not mentioned in the agreement it was not transferred and that appellant is entitled to continue in the business. "A contract may be explained by reference to the circumstances under which it was made, and the matter to which it relates." (Civ. Code, § 1647.)

■ When a person sells the contents of a store and agrees not to engage in the same business in the same city as long as the purchaser continues in business, the contract is construed as carrying with it the good will of the business. (*Shafer* v. *Sloan*, 3 Cal.App. 335, 337 [85 P. 162]; *Streeter* v. *Rush*, 25 Cal. 67, 72.) ■ If the property and business to which a good will adheres are transferred, the good will passes to the transferee as an incident although not specifically mentioned in the contract of sale. (38 C.J.S. p. 955, § 8; 24 Am.Jur. p. 810, § 13.) Since appellant sold to respondent all salable goods, all tools and equipment used in the manufacture of orchard heaters, and all literature, plates, cuts and half tones used in advertising, the good will adhered to the property sold and was transferred with it.

■ The law in force at the time the contract was executed became a part of the contract and it is presumed that the parties contracted with knowledge of the law. On the date of the contract sections 1673 and 1674 of the Civil Code were in effect. (These provisions with slight modifications are now sections 16600 and 16601 of the Business and Professions Code.) As authorized by said sections of the Civil Code appellant, having transferred the good will of his business, agreed to refrain from carrying on a similar business for a period of ten years. He contends that that portion of his agreement was void because it did not, as required by section 1674, specify the territory within which he agreed not to carry on his business. If such a contract is indefinite as to time or territory the court will construe it in such manner as to make it valid. ■ If the contract is unrestricted as to the territory in which the seller agreed to refrain from competition with the purchaser of his business, or if it includes more territory than that provided by law it will be construed to be operative within the county or portion thereof in which the business is located (*City Carpet etc. Works* v. *Jones*, 102 Cal. 506, 512 [36 P. 841]; *Stephens* v. *Bean*, 65 Cal.App. 779, 783 [224 P. 1022]; *General Paint Corp.* v. *Seymour*, 124 Cal.App. 611, 614 [12 P.2d 990]), ■ and if the agreement is indeterminate as to the period of its operation, or is without time limit, the court will construe it to cover the time permitted by law. (*Gregory* v. *Spieker*, 110 Cal. 150, 153 [42 P. 576, 52 Am.St.Rep. 70]; *Brown* v. *Kling*, 101 Cal. 295, 298 [35 P. 995].) In the instant case the contract did not specify the territory in which

appellant agreed that he would not engage in business. Prior to the sale appellant's business had been carried on in Los Angeles County and after the sale respondent conducted his business in the same county. The court construed the contract to be limited to the territory in which the parties respectively had conducted their businesses and restrained appellant from infringing on respondent's business in Los Angeles County. We find no error in the restraint thus imposed on appellant.

That part of the injunction restraining appellant from using the name Fugit in any form in the installation of orchard heaters is surplusage and unobjectionable. Since he is restrained from doing any orchard heater business in Los Angeles County for the period prescribed in the contract he will obviously be unable to use his name in such business or to advertise in his own or any other name. Since the inhibition on the transaction of business and the use of appellant's name is limited to Los Angeles County he is free to engage in the same or a similar business in his own name anywhere outside the county.

After the signing of the contract appellant gave permission for the use of his name to Wm. H. Fabry in a similar business carried on by the latter. Respondent testified that when he purchased the business he especially desired to obtain the right to use the name of Fugit Orchard Heater because the name Fugit was valuable in connection with that business. The contract did not convey the right to use the name and there was no agreement that respondent should have such right or privilege or that appellant would not permit the name to be used by others.

At the date of the contract section 992 of the Civil Code read as follows: ''The good-will of a business is the expectation of continued public patronage, but it does not include a right to use the name of any person from whom it was acquired''; and section 993 provided: ''The good-will of a business is property, transferable like any other, and the person transferring it may transfer with it the right of using the name under which the business is conducted.'' (These provisions are now in sections 14100 to 14103, inclusive, Business and Professions Code.) Although appellant might have transferred the right to the use of his name (§ 993) he did not do so, and as a result of the omission of such provision from the contract respondent did not acquire the right to use the name. (§ 992.)

Since appellant did not transfer and respondent did not acquire the right to use the name, the permission given to Fabry was not in violation of the agreement. Fabry is not a party to this action, and since the question is not presented we express no opinion as to whether he is an agent or associate of appellant and as such is within the terms of the injunction.

The judgment is modified by adding the following to the last paragraph thereof: "provided that defendant is not enjoined from permitting the use of his name by other persons in the manufacture and distribution of orchard heaters on the condition that he shall not be connected, directly or indirectly, with the business in which his name is used and does not either solicit business for such persons or do any act that is injurious to respondent's business." As so modified the judgment is affirmed.

Moore, P. J., and McComb, J., concurred.