**GUAM SERVICE GAMES, a Copartnership, Plaintiff,**
v.
**Austin J. SHELTON, Defendant.**
**Civ. No. 47–54.**

District Court of Guam.
Dec. 9, 1954.

O'Connor & Duffy, Agana, for plaintiff.

Turner & Stevens, Agana, for defendant.

SHRIVER, District Judge.

The defendant as the then owner of a coin-operated machine business, sold such business, including all assets, accounts receivable, etc. to the plaintiff, a co-partnership, for a consideration of $50,000. At the time of sale the defendant agreed that for a period of five years he would not engage in such business as owner, partner, agent, employee or otherwise in the territory of Guam, except as he might be employed by the plaintiff. The defendant breached the agreement by taking advantage of his knowledge and skill to place his wife in the same business and then assisting her to compete with the defendant. He was temporarily enjoined and the final payment due him on the purchase price of the business was ordered paid into court.

The defendant has admitted the breach but contends under Guam law a territory-wide restraint is not authorized, that plaintiff is not entitled to attorney's fees or other than nominal damages for the breach.

The business in question involves the locating of coin-operated machines, mostly juke boxes, in bars, restaurants, stores and other places, where customers by inserting an appropriate coin may hear selected music or play games, replete with clicks, moving lights, scores and similar features to induce those with both coins and time to spend both. The owner of the machines must service them, collect the proceeds and pay either commissions, rentals or both to the proprietors where the machines are placed and, of course, the business flourishes in proportion to the number of machines which can be placed at suitable locations.

There is no question as to the intent of the parties to prohibit the defendant from competing in the business in Guam for a period of five years. The applicable code provisions are Sections 1673 and 1674 of the Civil Code of Guam.

"§ 1673. *Contracts, restraint of trade.* Every contract by which anyone is restrained from exercising a lawful profession, trade, or business of any kind, otherwise than is provided by the next two sections, is to that extent void.

"§ 1674. *Exception, sale of good will.* One who sells the good will of a business may agree with the buyer to refrain from carrying on a similar business within a specified *district*, city, or a part thereof, so long as the buyer, or any person deriving title to the good will from him, carries on a like business therein." (Italics supplied.)

These provisions were taken from the Civil Code of California, as were most Guam Civil Code provisions, and may be construed in the light of California decisions, United States v. Johnson, 9 Cir., 181 F.2d 577. However, the provisions in Section 1674 of the California Code referred to "county, city, or a part thereof". This section was subsequently amended after the adoption of the Guam Code and includes "a specified county or counties, city or cities, or a part thereof," Section 16601, California Business and Professions Code.

The applicable construction of these code provisions is well stated in Mahlstedt v. Fugit, 79 Cal.App.2d 562, 180 P. 2d 777, 779:

"The law in force at the time the contract was executed became a part of the contract and it is presumed that the parties contracted with knowledge of the law. On the date of the contract sections 1673 and 1674 of the Civil Code were in effect. These provisions with slight modifications are now sections 16600 and 16601 of the Business and Professions Code. As authorized by said sections of the Civil Code appellant, having transferred the good will of his business, agreed to refrain from carrying on a similar business for a period of ten years. He contends that that portion of his agreement was void because it did not, as required by section 1674; specify the territory within which he agreed not to carry on his business. If such a contract is indefinite as to time or territory the court will construe it in such manner as to make it valid. If the contract is unrestricted as to the territory in which the seller agreed to refrain from competition with the purchaser of his business, or if it includes more territory than that provided by law it will be construed to be operative within the county or portion thereof in which the business is located. City Carpet etc. Works v. Jones, 102 Cal. 506, 512, 36 P. 841; Stephens v. Bean, 65 Cal. App. 779, 783, 224 P. 1022; General Paint Corp. v. Seymour, 124 Cal. App. 611, 614, 12 P.2d 990. And if the agreement is indeterminate as to the period of its operation, or is without time limit, the court will construe it to cover the time permitted by law. Gregory v. Spieker, 110 Cal. 150, 153, 42 P. 576, 52 Am.St. Rep. 70; Brown v. Kling, 101 Cal. 295, 298, 35 P. 995. In the instant case the contract did not specify the territory in which appellant agreed that he would not engage in business. Prior to the sale appellant's business had been carried on in Los Angeles County and after the sale respondent conducted his business in the same county. The court construed the contract to be limited to the territory in which the parties respectively had conducted their business and restrained appellant from infringing on respondent's business in Los Angeles County. We find no error in the restraint thus imposed on appellant."

It has been noted that the Guam law refers to "district." There was no county political unit and while the defendant suggests that there were districts in Guam, there is no evidence that districts had any geographical significance. In adopting the California codes by executive fiat, the effort was to bring to Guam

a body of American law in lieu of the Spanish Civil Law. To attempt to establish legislative intent in connection with the provisions under consideration is quite useless. When the Civil Code was adopted in 1933 Guam was largely an agrarian community. By present standards there were few automobiles. The city of Agana was the capital and possibly over fifty percent of the island population resided there. Guam was divided into about 14 municipalities covering an area of roughly 225 square miles. The business, governmental, social and cultural center was Agana. Agana was almost completely destroyed during World War II and while after the war the United States Navy, as the governing authority, laid out a model city, property line disputes were not resolved and many post-war businesses and residences were located at other places accessible by modern highways. Agana ceased to have the dominating importance it had before the war, and the plaintiff in this case can carry on its business in any part of Guam with an ease unknown when the codes were adopted.

To attempt by analysis to compare Guam and California is equally fruitless. If the defendant had entered into a similar contract in California he could be restrained from violating that contract in an area larger than Guam and containing many times its population.

■ The plaintiff paid a large consideration for what it bought. The intent of the parties is clear. The type of business involved is not a common one. Others than the defendant can engage in it if they so desire and can make the investment required. The Guam code contemplates that such restraints as those contained in the agreement are valid within the limitations prescribed. The court holds that the word "district" can properly be construed in Guam as meaning any area the parties agree upon; that in the circumstances of this case the defendant should be enjoined from violating his agreement in the territory of Guam. To hold otherwise would permit the defendant to violate his agreement without serving any useful public purpose since changed conditions make it impossible for the court to attempt to define an area other than that agreed upon by the parties.

■ The parties did not provide either for attorneys' fees or for liquidated damages for breach of the agreement. This court must follow the general rule that in the absence of any contractual or statutory liability therefor, attorneys' fees in a case of this type cannot be recovered, 15 Am.Jur. 550; Standard Accident Ins. Co. of Detroit v. Hull, D.C., 91 F.Supp. 65.

The parties have stipulated that the plaintiff is unable to prove an actual monetary loss as a result of the defendant's breach, hence only nominal damages may be recovered, 15 Am.Jur. 392. Such damages are awarded in the amount of one dollar and costs of suit. Plaintiff's attorneys shall prepare a decree in accordance with this opinion and settle within 20 days. The amount being held in the registry of the court, less damages and costs, shall be held pending the disposition of an order to show cause for violation of the temporary injunction previously issued. Such temporary injunction shall continue in effect until the final decree is entered.