FORNEY INDUSTRIES, INC., a corporation, Plaintiff,

v.

Allen ANDRE, Aaron L. Andre and Andre Industries, Inc., a corporation, Defendants.

Civ. No. 688.

United States District Court
D. North Dakota,
Southwestern Division.

Oct. 26, 1965.

Robert H. Lundberg, of Thompson, Lundberg & Nodland, Bismarck, N. D., for plaintiff.

Jerome W. Shermoen, of Lanier, Knox & Shermoen, Fargo, N. D., for defendants.

RONALD N. DAVIES, District Judge.

Plaintiff, a Colorado corporation, engaged in the manufacturing and selling of electric arc welders and related materials, entered into contracts with Allen and Aaron Andre, under which these two men were employed as a district manager and salesman, respectively, for North Dakota.

The district manager's contract, executed by Allen Andre, provided that he would not engage, either for himself or others, "in buying, selling, or dealing in or manufacturing Electric Welders or any other products sold hereunder in the state of his employment, nor the states contiguous thereto, for a period of three (3) years after termination of this agreement."

The salesman contract, executed by Aaron Andre, provided that "He further agrees that he will not enter into the same employment or business as the Company is engaged in for a period of three years after the termination hereof."

Both contracts contained a clause providing "This Agreement shall be construed as having been made and entered into under the laws of the State of Colorado, and venue for any action concerning the construction, performance or breach of this Agreement shall be Larimer County, Colorado."

On September 15, 1964, Allen Andre submitted his resignation to the Plain-

tiff and two days later, on September 17, 1964, formed Andre Industries, Inc., a North Dakota corporation, to "engage in the manufacturing, sale and the distribution of electrical welding systems." Shortly thereafter Aaron Andre terminated his contract with Plaintiff and entered into the employment of Andre Industries, Inc.

This action was then brought by the Plaintiff to enforce, by way of injunctive relief, the covenants not to compete which were contained in the two contracts of employment, and to recover damages from the two individual Defendants for alleged breach of contract and from the corporate Defendant for allegedly inducing the individuals to breach the contracts.

█ Because of the provision contained in each contract that it was to be construed as having been made and entered into under the laws of the State of Colorado and the requirements that in diversity of citizenship cases the Federal Courts, when deciding questions of conflict of laws, must follow the rules prevailing in the states in which they sit, Klaxon Co. v. Stentor Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477, this Court ordered the parties to brief the question of applicable state law prior to trial.

█ This order has been complied with, and for reasons hereinafter set out, this Court concludes that the substantive law of the State of North Dakota is controlling.

The general rule on the validity and effect of a stipulation by the parties as to governing law is contained in 16 Am. Jur., 2d, Conflict of Laws, § 46, which sets out:

"While some courts have stated without qualification that the parties to a contract may effectively agree as to that state whose law shall govern the validity, construction, interpretation, and effect of the contract, * * * it is generally recognized that this power of the parties to select the jurisdiction whose law they intend to have control the obligation, rights, and duties under the contract is subject to certain definite limitations. Thus, a stipulation by which the parties select the law to govern the contract is valid and will be given effect only if it is not contrary to public policy generally, or to the public policy of the forum, or to the law or public policy of the state where the contract is made and to be performed, or in violation of a statute of the forum enacted for the protection of its citizens, and only if the selection is made in good faith and with no purpose of evading the law of the place where the contract was made, or the otherwise applicatory law. * * *"

Or, as is stated in 70 A.L.R., 2d 1292, 1296:

"A stipulation in a contract containing a covenant not to compete, that the contract should be governed by the law of a specified jurisdiction, has been held ineffective where the covenant was against the public policy of the place of performance."

Section 9–08–06, North Dakota Century Code, provides:

"In Restraint of Business Void— Exceptions.—Every contract by which anyone is restrained from exercising a lawful profession, trade, or business of any kind is to that extent void, except: * * *"

The exceptions apply where one sells the good will of a business or upon the dissolution of a partnership, and so are not pertinent here.

In Olson v. Swendiman (1932), 62 N.D. 649, 244 N.W. 870, it was held that a contract by an assistant, servant or agent not to compete with his master or employer after the expiration of his time of service is not included in either exception to the statute and is, therefore, void.

In Davis v. Jointless Brick Company (9 Cir., 1924), 300 F. 1, a case involving an identical California statute, the Court held that "The adjudications of the highest state court interpreting the statute,

defining the public policy of the state, compel a decision against the validity of the clause whereby Davis agreed not to engage in the business of selling a fire brick that competes with Plibrico," and further "The agreement that the covenant shall be construed according to the law of Illinois is ineffectual to avoid the statute of California, the place of performance, where Davis resides, and where the regulation provided for would be invalid by the law therein prevailing."

 In the view of this Court the substantive law of the State of North Dakota is controlling, and that part of each contract which calls for the application of Colorado law is held to be ineffective in construing the covenants not to compete.