HAWKINS CHEMICAL, INC.,
Plaintiff and Appellant,

v.

Lloyd McNEA, R. F. Saunders, Dakco Distributors, Inc., and Mon-Dak Chemical and Supply Co., Defendants and Appellees.

Civ. No. 10164.

Supreme Court of North Dakota.

July 9, 1982.

Pringle & Herigstad, Minot, for plaintiff and appellant; argued by Jan Sebby, Minot.

Eaton, Van de Streek & Ward, Minot, for defendants and appellees, R. F. Saunders, Dakco Distributors, and Mon-Dak Chemical and Supply Co.; argued by Jonathan C. Eaton, Jr., Minot.

McGee, Hankla, Backes & Wheeler, Minot, for defendant and appellee Lloyd McNea; argued by Robert A. Wheeler, Minot.

PEDERSON, Justice.

The issues presented upon this appeal are:

(1) Whether an over-broad, non-competition agreement is void or valid, but should be enforced only in a one-county area as permitted by statute.

(2) Whether or not there is an obligation to pay for an over-broad, non-competition agreement if it is held to be void. We conclude that the non-competition agreement in this case is not void but is, instead, enforceable in Ward County. We further conclude that Hawkins is obligated to pay the remaining sum due under the contract. The judgment is reversed in part, affirmed in part, and remanded for appropriate action.

This action has been before us previously on a procedural matter. *See Hawkins Chemical, Inc. v. McNea*, 319 N.W.2d 152 (N.D.1982).

Hawkins purchased Mon-Dak Corp., a wholly owned subsidiary of Dakco, in 1979. As consideration for Hawkins to purchase

Mon-Dak, the owners thereof, McNea and Saunders, entered into a non-competition agreement. They agreed that for the period commencing March 1, 1979 and terminating on February 28, 1987, they would not, together or individually, engage, directly or indirectly, in any business competitive with Mon-Dak in the states of Montana, North Dakota, South Dakota, Minnesota, Iowa and Wisconsin. This non-competition agreement was a separate agreement from the contract for the sale of Mon-Dak's assets, and a separate price was assigned to each contract. The price for the non-competition agreement was $218,000, of which $50,000 was paid as a down payment with remaining annual installment payments of $56,000 for three years. The non-competition agreement states in part: "in the event the agreement not to compete is breached, *other than a breach by Lloyd McNea,* that Hawkins shall have no further obligation to pay any part of the then unpaid balance owing by Hawkins under this non-compete agreement . . ." Thus, the agreement provided that Hawkins would still be liable for the remaining balance due under the agreement notwithstanding any possible breach by McNea.

In December 1979 McNea commenced a chemical sales and distribution business which he is carrying on in several cities and counties within the State of North Dakota. He maintains his principal office and merchandise warehouse in Ward County, North Dakota.

This action was commenced by Hawkins to enjoin McNea from engaging in any business competitive to Hawkins pursuant to the non-competition agreement. In the alternative, Hawkins sought a declaratory judgment to adjudge that he was not obligated to pay the stated consideration for the non-competition agreement. He also sought a return of his down payment. McNea, in a separate answer, alleged that the non-competition agreement was void and unenforceable. Saunders, in a separate answer, alleged that no liability could accrue to him on account of any conduct by McNea in breach of the non-competition agreement. Saunders also counterclaimed

for the remaining balance due for the non-competition agreement. The district court held that the non-competition agreement was invalid under North Dakota law and was, therefore, unenforceable. The district court also concluded that McNea's violation of the non-competition agreement did not suspend Hawkins' obligation to pay for the agreement. This appeal followed.

Section 9–08–06, NDCC, states:

"Every contract by which anyone is restrained from exercising a lawful profession, trade, or business of any kind is to that extent void, except:

"1. One who sells the good will of a business may agree with the buyer to refrain from carrying on a similar business *within a specified county, city, or a part of either,* so long as the buyer or any person deriving title to the good will from him carries on a like business therein." [Emphasis added.]

Section 9–04–03, NDCC, provides:

"When a contract has but a single object, and such object is unlawful in whole or in part, or wholly impossible of performance, or so vaguely expressed as to be wholly unascertainable, the entire contract is void."

Hawkins concedes that the non-competition agreement is too broad to be enforced in North Dakota but, nevertheless, insists that it can be judicially reformed to restrict McNea from competing in Ward County.

In *Mandan-Bismarck Livestock Auction v. Kist,* 84 N.W.2d 297 (N.D.1957), this court held that an entire contract which contained a non-competition clause covering a two-county area was void. That case, however, was distinguished in *Igoe v. Atlas Ready-Mix, Inc.,* 134 N.W.2d 511 (N.D. 1965), where this court held that a contract containing a non-competition agreement covering both Mandan and Bismarck can be enforced in Bismarck. Justice Erickstad, who authored that opinion, wrote:

"We do believe, however, that, under the circumstances of this case, where the contract has been fully performed so that the seller has reaped the benefit of the

restraining promise in culminating the sale or in securing an increased price for the business, he should not be allowed to entirely escape the consequences of his promise, to the promisee's detriment, merely because he promised to refrain from doing business in two cities when the statute permitted him to disable himself from competing in only one city." 134 N.W.2d at 516.

The *Igoe* opinion further pointed out that, in an earlier analogous case, *Olson v. Swendiman*, 62 N.D. 649, 244 N.W. 870 (1932), this court said that it is well settled that if an unreasonable restraining clause can be separated leaving a reasonable agreement, it is valid to do so. In 6A Corbin, Contracts § 1390 (1962), Professor Corbin stated: "An agreement restricting competition may be perfectly reasonable as to a part of the territory included within the restriction but unreasonable as to the rest."

■ The *Igoe* decision lends credence to Hawkins's argument that a non-competition agreement which goes beyond the permissible territorial restrictions is not, under all circumstances, completely void. The court, in the *Igoe* case, in effect "blue penciled" out Mandan and held the agreement enforceable in Bismarck because the contract had been performed and, also, because Bismarck served as the place of business for the seller. Here, based upon similar circumstances, Hawkins is requesting that we enforce the non-competition agreement in Ward County. Although there is no specific mention of Ward County in the agreement, Hawkins's request appears to be a reasonable solution under the circumstances. In a comparable situation, a California Court of Appeals construed a non-competition agreement, which included more territory than that allowed by law, to be valid within the county in which the business was located, stating:

"If such a contract is indefinite as to time or territory the court will construe it in such manner as to make it valid. *If the contract* is unrestricted as to the territory in which the seller agreed to refrain from competition with the purchaser of his business, *or if it includes more territory than that provided by law it will be construed to be operative within the county or portion thereof in which the business is located.* [Citations omitted.]" [Emphasis added.] *Mahlstedt v. Fugit*, 79 Cal. App.2d 562, 180 P.2d 777, 779 (1947).

■ Because the property and business purchased from Saunders and McNea were located and conducted in Ward County, we hold the non-competition agreement to be enforceable in that county. We also hold that Hawkins is liable to Saunders for the balance due on the contract.

The judgment is reversed in part, affirmed in part, and remanded for appropriate action.

ERICKSTAD, C. J., and PAULSON and SAND, JJ., concur.

VANDE WALLE, Justice, concurring in part and dissenting in part.

I agree with the majority opinion that Hawkins has an obligation to pay Saunders under the contract. However, I do so on the basis determined by the district court, i.e., that notwithstanding the unenforceability of the agreement not to compete, "the true consideration for the promise to pay any sum over asset value was the seller's good will which encompassed customer lists, customer relations, knowledgeable company employees and all those other considerations that have traditionally given a going business a value greater than the mere sum of its hard assets." Not only do I believe the findings are not clearly erroneous, I believe they set forth the true reason the parties entered into the separate agreement not to compete, i.e., "for the plaintiff's [Hawkins] tax advantage." Under Rule 52(a), N.D.R. Civ.P., these findings should be set aside only if determined to be clearly erroneous. I would therefore affirm the judgment of the district court without the attempt on the part of this court to reform the contract to meet the requirements of Section 9–08–06, N.D.C.C., i.e., that an agreement not to compete must be limited to a specified county or city or a part of either.

If, however, the court is to reform the contract so that it applies in only one county as required by the statute in order to be valid, I would suggest that it be applied in McLean County. We are informed that Hawkins presently has no business in Ward County but has moved its business to Mc-Lean County. Therefore, following the decision in *Mahlstedt v. Fugit*, 79 Cal.App.2d 562, 180 P.2d 777 (1949), the contract should be made applicable in McLean County, where the Hawkins business is now located, not in Ward County. However, if we are going to reform the contract, the matter should be returned to the district court to determine in which county the agreement should be applicable.