**Raymond R. HERMAN d/b/a Signs of Bismarck, Plaintiff and Appellee,**

v.

**NEWMAN SIGNS, INC., Defendant and Appellant.**

**Civ. No. 870249.**

Supreme Court of North Dakota.

Dec. 29, 1987.

Gilje, Greenwood & Dalsted, Jamestown, for defendant and appellant; argued by John E. Greenwood.

Tschider & Smith, Bismarck, for plaintiff and appellee; argued by David A. Tschider.

ERICKSTAD, Chief Justice.

This appeal is about the validity of a covenant not to compete contained within a contract for the sale of assets of a billboard advertising business. Purchaser, Newman Signs, Inc., appeals from the district court judgment which restricted the enforceability of the covenant not to compete to Burleigh County. We affirm.

On January 6, 1982, plaintiff-appellee, Raymond Herman, doing business as Signs of Bismarck, entered into an agreement to sell several billboards and related tangible assets to Newman Signs, Inc. Newman agreed to pay $480,000 for the assets which included $50,000 before closing and twelve annual installments of $57,000 each.

The agreement contained the following provision:

"10. *Noncompetition Agreement.* For and in consideration of the sum of Ten Dollars of the total consideration of total amount of purchase price recited in paragraph 2 concerned herein, Seller agrees that it will not, for a period of ten (10) years from the Date of Closing, in any manner, directly or indirectly, under any name, *compete with Buyer or its assigns in the outdoor advertising business in the State of North Dakota* or become interested or give assistance to any competitors of Buyer or its assigns in that business...." [Emphasis added.]

The agreement was typewritten, but several clauses were crossed out by pen and additional terms were handwritten within the text of the agreement.

On September 17, 1987, Herman commenced this action for Newman's failure to pay the 1986 annual installment. Newman's answer admitted that he failed to pay the $57,000 annual installment. In a counterclaim, however, Newman contended

it had the right to setoff $20,000, the amount in the liquidated damages clause of the agreement, because Herman breached the covenant not to compete by erecting a sign in Morton County, North Dakota. Although Herman's principal place of business is Burleigh County, the billboards and appurtenant assets sold under the agreement are located in Burleigh, Kidder, McLean, and Morton counties.

Relying on our decisions in *Hawkins Chemical, Inc. v. McNea,* 321 N.W.2d 918 (N.D.1982) and *Igoe v. Atlas Ready–Mix, Inc.,* 134 N.W.2d 511 (N.D.1965), the district court invalidated the covenant not to compete, insofar as Newman attempted to apply the covenant to Herman's conduct in Morton County.[1] The district court also awarded Herman judgment for the overdue $57,000 installment.

Our decisions in *Hawkins* and *Igoe, supra,* are indeed dispositive of this appeal. In both of these cases, we limited the enforceability of a covenant not to compete pursuant to Section 9–08–06, N.D.C.C., which provides in part:

"9–08–06. *In restraint of business void—Exceptions.* Every contract by which anyone is restrained from exercising a lawful profession, trade, or business of any kind is to that extent void, except:

"1. One who sells the goodwill of a business may agree with the buyer to refrain from carrying on a similar business within *a specified county, city, or a part of either,* so long as the buyer or any person deriving title to the goodwill from him carries on a like business therein." [Emphasis added.]

In *Igoe, supra,* the contract attempted to restrict the buyer from engaging in the ready-mix or concrete basement construction business within the City of Bismarck or the City of Mandan. We struggled with the question of whether a covenant not to compete which encompasses more than one county or city is wholly void or enforceable

1. Without expressly stating so, the district court effectively limited the enforceability of the covenant not to compete to Burleigh County, North Dakota. We agree with the district court that the covenant is enforceable in Burleigh County, North Dakota.

"within a specified county, city, or a part of either...." § 9–08–06, N.D.C.C. We answered by holding that the covenant not to compete was enforceable in Bismarck but not in Mandan, North Dakota. *Igoe* at 519.

Newman cites us to several Alabama decisions which have broadly construed a statute similar to Section 9–08–06, N.D.C.C. In *McNeel Marbel Co. v. Robinette*, 65 So.2d 221 (Ala.1953), for example, the Alabama Supreme Court said the phrase "a specified county" could mean "counties" because a general provision in the Code of Alabama states that the singular includes the plural. Although North Dakota also has a general provision which states that the singular includes the plural, *see* Section 1–01–35, N.D.C.C., we think it imprudent to follow the Alabama Supreme Court's precedent.

Our Section 1–01–35, N.D.C.C., states that words used in the singular in the Century Code include the plural "except when a contrary intention plainly appears." The intention of Section 9–08–06, N.D.C.C., is to promote commercial activity by restricting the ability of individuals to form agreements which limit commercial exchange or more specifically limit agreements not to compete. Section 9–08–06 permits such agreements within "a specified county." Construing Section 9–08–06, N.D.C.C., using the plural, *i.e.,* "specified counties," nullifies the intent of Section 9–08–06, N.D.C.C., to confine covenants not to compete to a limited area.

We followed the *Igoe* interpretation of Section 9–08–06, N.D.C.C., in *Hawkins* at 920, and do so again today.

Affirmed.

GIERKE, LEVINE and MESCHKE, JJ., and VERNON R. PEDERSON, Surrogate Justice, concur.

VERNON R. PEDERSON, Surrogate Justice, sitting in place of VANDE WALLE, J., disqualified.

VERNON R. PEDERSON, Surrogate Justice, concurring specially.

In addition to all that the Chief Justice has written, I feel compelled to suggest that this protectionist statute is somewhat obsolete and probably could not survive a modern day, overdue legislative reconsideration.

MESCHKE, LEVINE and GIERKE, JJ., concur.