LIRE, INC., Plaintiff and Appellant,

v.

BOB'S PIZZA INN RESTAURANTS, INC., Robert A. Schmidt; Ioane G. Schmidt, each individually and d/b/a Bob's Pizza Inn Restaurant and Lounge, Defendants and Appellees.

Civ. No. 950228.

Supreme Court of North Dakota.

Dec. 27, 1995.

Todd A. Schwarz of Frith, Schwarz & Steffan, Devils Lake, for plaintiff and appellant.

Carlan J. Kraft of Butz & Kraft, PC, Rugby, for defendants and appellees.

SANDSTROM, Justice.

Lire, Inc. appeals from a summary judgment dismissing its breach of contract action against Bob's Pizza Inn Restaurants, Inc., and Robert and Ioane Schmidt, individually and doing business as Bob's Pizza Inn Restaurant and Lounge. We hold the written contract for the Schmidts' sale of Bob's Pizza Inn Restaurants to Lire included an enforceable non-competition agreement. We reverse and remand for further proceedings.

I

In 1989, Lire purchased Bob's Pizza Inn Restaurants in Rugby from the Schmidts for $400,000. A July 3, 1989 "offer to purchase" said:

"Seller to agree to a non-competition agreement for the selling of Italian type foods for a period of 5 years and within a radius of 60 miles of Rugby. (See attachment)"

The Schmidts accepted the offer on July 10, 1989. No other documents to the transaction mentioned a non-competition agreement.

In May 1993, the Schmidts opened Bob's Pizza Inn Restaurant and Lounge in Rugby. Lire sued the Schmidts for breach of contract, seeking damages and injunctive relief. The Schmidts moved for summary judgment, contending the language in the offer to purchase did not create an enforceable non-competition agreement.

The trial court granted the Schmidts' motion for summary judgment, holding the non-competition language was unambiguous and, as a matter of law, did not create an enforceable non-competition agreement. The court concluded the non-competition language was an unenforceable agreement to agree. The court also ruled an alleged oral non-competition agreement was unenforceable under the statute of frauds, N.D.C.C. § 9–06–04(1), because it could not be fully performed within one year. Lire appealed.

The district court had jurisdiction under N.D. Const. Art. VI, § 8, and N.D.C.C. § 27–05–06. The appeal is timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. Art VI, §§ 2, 6, and N.D.C.C. § 28–27–01.

II

■ The dispositive issue in this appeal is the interpretation of the parties' written contract, specifically the non-competition language.[1] This issue is raised in the posture of a summary judgment.

A

■ Summary judgment is a procedural device for the prompt and expeditious disposition of a controversy without a trial if either party is entitled to judgment as a matter of law, if no dispute exists as to either the material facts or the inferences to be drawn from undisputed facts, or if resolving disputed facts would not alter the result. *Osterman-Levitt v. MedQuest, Inc.*, 513 N.W.2d 70, 72 (N.D.1994). "Summary judgment, when appropriate, may be rendered against the moving party." N.D.R.Civ.P. 56(c); *Spier v. Power Concrete, Inc.*, 304 N.W.2d 68, 72 (N.D.1981).

B

■ The construction of a written contract to determine its legal effect is a question of law. *Pamida, Inc. v. Meide*, 526 N.W.2d 487, 490 (N.D.1995). Contracts are construed to give effect to the mutual intention

---

1. N.D.C.C. § 9–08–06(1) says:
 "*In restraint of business void—Exceptions.* Every contract by which anyone is restrained from exercising a lawful profession, trade, or business of any kind is to that extent void, except:
 "1. One who sells the goodwill of a business may agree with the buyer to refrain from carrying on a similar business within a specified county, city, or a part of either, so long as the buyer or any person deriving title to the goodwill from him carries on a like business therein."
 In the sale of a business, good will passes in the absence of an expression to the contrary in the contract. *Igoe v. Atlas Ready–Mix, Inc.*, 134 N.W.2d 511, 514 (N.D.1965).

of the parties at the time of contracting. N.D.C.C. § 9–07–03; *Pamida* at 490. The parties' intention must be ascertained from the writing alone if possible. N.D.C.C. § 9–07–04; *Pamida* at 490. A contract must be construed as a whole to give effect to each provision, if reasonably practicable. N.D.C.C. § 9–07–06. We construe contracts to be definite and capable of being carried into effect, unless doing so violates the intention of the parties. N.D.C.C. § 9–07–08. Unless used by the parties in a technical sense, words in a contract are construed in their ordinary and popular sense, rather than according to their strict legal meaning. N.D.C.C. § 9–07–09.

 If a written contract is unambiguous, extrinsic evidence is not admissible to contradict the written language. *Pamida* at 490. However, if a written contract is ambiguous, extrinsic evidence may be considered to show the parties' intent. *Pamida*. Whether or not a contract is ambiguous is a question of law. *Pamida*. An ambiguity exists when rational arguments can be made in support of contrary positions as to the meaning of the language in question. *Pamida*.

### III

The trial court concluded the non-competition language was unambiguous and was an unenforceable agreement to agree.

### A

 To create an enforceable contract, there must be a mutual intent to create a legal obligation. N.D.C.C. §§ 9–01–02; 9–03–01. The parties' mutual assent is determined by their objective manifestations, not their secret intentions. *Nat'l Bank of Harvey v. Int'l Harvester Co.*, 421 N.W.2d 799, 804 (N.D.1988); *Amann v. Frederick*, 257 N.W.2d 436, 439 (N.D.1977).

 Generally, an "agreement to agree" is unenforceable because its terms are so indefinite it fails to show a mutual intent to create an enforceable obligation. *Clooten v. Clooten*, 520 N.W.2d 843, 848–49 (N.D.1994) (promise to negotiate in the future and "work something out" is an agreement to agree in

the future which lacks essential terms and is insufficient to support an enforceable contract); *Bergquist–Walker Real Estate, Inc. v. William Clairmont, Inc.*, 353 N.W.2d 766, 772 (N.D.1984) (agreement to agree in future which is not sufficiently definite to enable a court to give it an exact meaning is not an enforceable obligation); *Super Hooper, Inc. v. Dietrich & Sons, Inc.*, 347 N.W.2d 152, 155 (N.D.1984) (agreement to agree is rarely enforceable). *See generally* 1 Williston on Contracts, § 3.5 (4th ed. 1990); 1 Corbin on Contracts § 4.1 (Rev. ed. 1993); 17A Am.Jur.2d, *Contracts* § 35 (1991).

However, if the terms of an "agreement to agree" are reasonably certain and definite, it is enforceable. *Coldwell Banker–First Realty, Inc. v. Meide & Son, Inc.*, 422 N.W.2d 375, 381 (N.D.1988) (formula for calculating liquidated damages was reasonably certain and not an unenforceable agreement to agree). *Schade v. Diethrich*, 158 Ariz. 1, 760 P.2d 1050, 1058–1060 (1988) (reasonable certainty of terms is important factor in deciding whether a proposal is binding or is unenforceable as an agreement to agree). *See Delzer v. United Bank of Bismarck*, 459 N.W.2d 752, 758 (N.D.1990) (to be valid and enforceable, a contract must be reasonably definite and certain in its terms) citing *Union State Bank v. Woell*, 434 N.W.2d 712, 717 (N.D.1989). *See generally* 1 Williston at § 3.5; 1 Corbin at § 4.1; 17A Am.Jur.2d, *Contracts* at § 35.

### B

 Here, the trial court's interpretation of the contract focused on the phrase "[s]eller to agree" without considering the remainder of the non-competition language and the context in which it was used. The phrase "[s]eller to agree" was part of a July 3, 1989 written offer to purchase, which was accepted by the Schmidts on July 10, 1989. The remaining non-competition language was definite and certain as to its terms—"a non-competition agreement for the selling of Italian type foods for a period of 5 years and within a radius of 60 miles of Rugby." Those terms completely describe the type of business restriction, the duration of the restriction, and the geographic limitation for the

restriction. The breadth of those terms leaves no doubt there were no other essential non-competition terms left for agreement between the parties. When this non-competition language is read as a whole and as part of a subsequently accepted offer to purchase, we believe the ordinary and popular understanding of the phrase "[s]eller to agree" objectively evidences the parties' mutual intent to create an enforceable non-competition agreement at the time of the Schmidts' acceptance. We conclude the written non-competition language is unambiguous and creates an enforceable non-competition agreement for Rugby.[2]

Because the parties' written contract unambiguously created an enforceable non-competition agreement in Rugby, Lire was entitled to judgment as a matter of law on this issue. N.D.R.Civ.P. 56(c) ("summary judgment, when appropriate, may be rendered against the moving party"). We direct entry of summary judgment for Lire on the enforceability of the non-competition agreement, as restricted to the city of Rugby. *See Matter of Continental Airlines*, 981 F.2d 1450, 1458 (5th Cir.1993) (appellate court has power to direct summary judgment for non-moving party if it finds moving party is not entitled to summary judgment, no material fact dispute exists, and non-moving party is entitled to summary judgment as a matter of law); 6 Moore's Federal Practice, ¶ 56.12 (2nd ed. 1995). *See also Fredericks v. Eide–Kirschmann Ford*, 462 N.W.2d 164, 171 n. 2 (N.D.1990) (reversing and remanding for entry of judgment in favor of appellant and stating, even without appellant's cross-motion for summary judgment, summary judgment against appellee would have been appropriate under N.D.R.Civ.P. 56(c)).

### IV

We reverse and remand for further proceedings.

VANDE WALLE, C.J., MESCHKE and LEVINE, JJ., and BERT L. WILSON, Surrogate Judge, concur.

BERT L. WILSON, Surrogate Judge, sitting in place of NEUMANN, J., disqualified.

---

2. In *Igoe v. Atlas Ready–Mix, Inc.*, 134 N.W.2d 511, 518 (N.D.1965), this Court held a non-competition agreement for "Bismarck or Mandan" was a valid restriction for Bismarck, the city where the business was located, but was invalid for Mandan because Mandan was geographically outside of the limitation in N.D.C.C. § 9–08– 06(1) of "a specified county, city, or a part of either." *See also Herman v. Newman Signs, Inc.*, 417 N.W.2d 179, 181 (N.D.1987); *Hawkins Chemical, Inc. v. McNea*, 321 N.W.2d 918, 920 (N.D.1982). Under the rationale of those cases, the geographic limitation in this non-competition agreement is valid for Rugby.