EARTHWORKS, INC., Plaintiff, Appellant and Cross–Appellee

v.

Kevin SEHN, Defendant, Appellee and Cross–Appellant.

Civil No. 950417.

Supreme Court of North Dakota.

Sept. 3, 1996.

James L. Norris (argued), of James L. Norris, P.C., Bismarck, for plaintiff, appellant and cross-appellee. Appearance by Jack Marquart, president of Earthworks, Inc.

Albert A. Wolf (argued), of Wheeler Wolf, Bismarck, for defendant, appellee and cross-appellant. Appearance by appellee Kevin Sehn.

MESCHKE, Justice.

Earthworks, Inc., appeals from a summary judgment dismissing its action against Kevin Sehn for breach of a covenant not to compete. Sehn cross-appeals from the summary dismissal of his counterclaim against Earthworks for fraud. We affirm.

Jack Marquart and Sehn were each 50 percent stockholders of Earthworks, a Bismarck-based construction company that works on Federal–Aid Highway System projects. Marquart primarily handled the bidding and scheduling of projects, while Sehn primarily supervised field crews and did winter equipment repairs for Earthworks. Sehn also visited proposed project sites and gathered facts necessary for formulating bids.

In 1992, Marquart and Sehn ended their business relationship. After negotiations, while each was represented by an attorney, they signed a December 31, 1992, agreement that said:

WHEREAS Earthworks, Inc. and Kevin Sehn have negotiated an agreement relative to Kevin Sehn terminating his association with Earthworks, Inc. by Earthworks, Inc. paying Kevin Sehn a bonus of $65,504, a non compete agreement between Earthworks, Inc. and Kevin Sehn in the amount of $100,000 and Earthworks, Inc. will pay Kevin Sehn $140,000 for his stock in Earthworks, Inc.;

    \*    \*    \*    \*    \*    \*

*COVENANT NOT TO COMPETE.* Earthworks, Inc. agrees to pay Kevin Sehn $100,000 for his agreeing not to compete against Earthworks, Inc. for any work on the Federal Aid Highway System in the state of North Dakota that are [sic] funded by the Federal Highway Trust Fund for a period of two years beginning January 1, 1993. As part of this covenant not to compete, Kevin Sehn agrees not to disclose to anyone information relative to the past profit history of Earthworks, Inc. The geographical area for this covenant is to be the state of North Dakota and such covenant not to compete is to continue for a period of two years from January 1, 1993. In the event that Kevin Sehn breaches this covenant not to compete, Kevin Sehn

agrees to repay the $100,000 to Earthworks, Inc. The $100,000 is payable to Kevin Sehn by a payment of $20,000 on December 31, 1992 and $80,000 payable on [January] 4, 1993.

In April 1993, Sehn began working as a construction supervisor for Landstar Corporation, another Bismarck company that engages in landscaping and other small dirt work. Sehn has no ownership interest in Landstar, who also bids for and works on Federal–Aid Highway System projects.

All bidding for Federal–Aid Highway System projects in North Dakota is conducted by the State Highway Department in Bismarck. Although another Landstar employee prepares Landstar's bids on the various projects, Sehn, as a construction supervisor, performs pre-bid investigations of the proposed work sites for Landstar. Landstar has been competing with Earthworks for Federal–Aid Highway System jobs since late 1992. Although Landstar has been awarded bids from the Highway Department, Landstar has not won any bids for projects in Burleigh County during the two-year non-competition period, so that Sehn has not worked on any highway projects in Burleigh County.

Earthworks sued Sehn alleging he breached the covenant not to compete and was liable to repay $100,000 under the terms of the covenant. Earthworks alternatively alleged Sehn fraudulently induced Earthworks into signing the covenant not to compete by falsely promising that if Sehn competed against Earthworks, Sehn would return the $100,000. Earthworks also alleged Sehn received a $30,000 salary that he was required to return to Earthworks because he violated a corporate resolution that authorized him to receive only disability benefits when he was disabled for an eight-month period. Sehn counterclaimed against Earthworks, alleging if the $100,000 was paid for the goodwill of the business instead of only for the physical corporate assets, and was consideration for the covenant not to compete, then Earthworks underpaid Sehn $100,000 for the physical assets of the corporation.

Both sides moved for summary judgment. The trial court ruled the covenant not to

compete was valid and enforceable only within Burleigh County. The court ruled there was no violation of the covenant because no competition would occur until Landstar was awarded a contract to perform work in Burleigh County, that event had not occurred and, anyhow, it would be Landstar, rather than its employee, Sehn, who would be competing against Earthworks. The court also ruled the $100,000 Sehn had agreed to pay for a breach of the covenant not to compete was not a valid liquidated damages provision, but was a penalty provision and unenforceable. On the disability benefits and salary subject, the court ruled, as a matter of law, an accord and satisfaction had occurred. The trial court granted summary judgment dismissing both Earthworks' complaint and Sehn's counterclaim.

■ Summary judgment is, as we said in *Ohio Farmers Insurance Company v. Dakota Agency, Inc.*, 551 N.W.2d 564, 565 (N.D. 1996), a procedural device to promptly and expeditiously dispose of a controversy without trial if either party is entitled to judgment as a matter of law, if no dispute exists as to either material facts or the inferences to be drawn from undisputed facts, or if resolving disputed facts would not alter the result. We review the trial court's decision in that context.

## I

In North Dakota, covenants not to compete are governed by NDCC 9–08–06 that, in part, says:

Every contract by which anyone is restrained from exercising a lawful profession, trade, or business of any kind is to that extent void, except:

1. One who sells the goodwill of a business may agree with the buyer to refrain from carrying on a similar business within a specified county, city, or a part of either, so long as the buyer or any person deriving title to the goodwill from him carries on a like business therein.

■ This statute's purpose is to promote commercial activity by restricting the ability of individuals to form agreements not to compete. *Herman v. Newman Signs,*

*Inc.*, 417 N.W.2d 179, 181 (N.D.1987). The statute represents one of the oldest and most continuous applications of public policy in contract law, and it invalidates provisions in employment contracts prohibiting an employee from working for a competitor after completion of his employment or imposing a penalty if he does so. *Werlinger v. Mutual Service Cas. Ins. Co.*, 496 N.W.2d 26, 29–30 (N.D.1993). As we held in *Spectrum Emergency Care v. St. Joseph's*, 479 N.W.2d 848, 852 (N.D.1992), the statute prohibits an excessive restraint on a person's exercise of a lawful profession, trade, or business as an employer as well as an employee.

■ The two exceptions specified in NDCC 9–08–06 permit a limited restraint with the dissolution of a partnership or the sale of a business. The exception relied on here by Earthworks makes valid a limited non-competition agreement only if it is connected with the sale of the goodwill of a business. *See Hayashi v. Ihringer*, 79 N.D. 625, 58 N.W.2d 788, 791–792 (1953); *Mapes v. Metcalf*, 10 N.D. 601, 88 N.W. 713, 714 (1901). In this case, the parties' agreement does not mention goodwill. Earthworks argues goodwill was implicitly sold as part of the transaction, even though the agreement did not mention the term. Sehn argues the business had no goodwill to sell, and if it did, Earthworks refused to pay for it, and therefore the non-competition covenant was void. We agree with the trial court that, as a matter of law, Sehn sold his interest in the goodwill of the corporation to Earthworks.

■ When a party sells a business, and as part of the sale, agrees not to engage in the same or similar business in the same area for a particular and reasonable length of time, "good will, although not specifically mentioned, [is] a subject of the sale and passe[s] as an incident of the transfer of real and personal property involved." *Igoe v. Atlas Ready–Mix, Inc.*, 134 N.W.2d 511, 514 (N.D. 1965); *see also Lire v. Bob's Pizza Inn Rest., Inc.*, 541 N.W.2d 432, 433 n. 1 (N.D.1995); *Engstrom v. Larson*, 77 N.D. 541, 44 N.W.2d 97, 108 (1950). Other jurisdictions follow the rule that, even if goodwill is not specifically mentioned, absent any expression to the contrary in the contract for sale of the business,

the goodwill passes. *See, e.g., Handyspot Co. of Northern California v. Buegeleisen*, 128 Cal.App.2d 191, 274 P.2d 938, 941 (1954); *Carr v. Carr*, 108 Idaho 684, 701 P.2d 304, 308 (1985). In *Bessel v. Bethke*, 56 N.D. 1, 215 N.W. 868, 869–870 (1927), we construed the predecessor to NDCC 9–08–06(1) to apply to a stockholder's sale of his stock:

> Where one sells his stock he necessarily disposes of his interest in the good will of the business conducted by the corporation to the same extent as he parts with his interest in any other property of the corporation. And where, as in the instant case, he disposes of all his stock and severs his connection with a business that had been in a measure dependent for its success upon his skill or ability and contracts at the same time not to re-engage in the same business within an area permitted by the statute, he has, in fact, sold the good will within the exception, and the contract is valid.

In this case, Sehn sold his stock to Earthworks and agreed to the non-competition covenant. The agreement does not specifically except goodwill from passing in the sale. We conclude the trial court correctly ruled Sehn sold his interest in the goodwill of the company to Earthworks and that the non-competition covenant is not void in its entirety.

■ This non-competition agreement, in violation of NDCC 9–08–06(1), stated its geographical area to encompass the "state of North Dakota." With ample precedent, the trial court correctly limited the valid area of the non-competition covenant to Burleigh County. *See Lire*, 541 N.W.2d at 435 n. 2; *Newman Signs*, 417 N.W.2d at 181; *Hawkins Chemical, Inc. v. McNea*, 321 N.W.2d 918, 920 (N.D.1982); *Igoe*, 134 N.W.2d at 518. The parties do not dispute that the covenant, if valid, must be confined to Burleigh County, but they disagree about what is competition within Burleigh County.

Earthworks asserts the competition for Federal Aid Highway System jobs occurs only in Burleigh County where the bidding takes place. Under Earthworks' construction of the agreement, Sehn could not work on those jobs anywhere else in the state, effectively making the covenant statewide in application.

■ A statute should not be interpreted to allow a person to do something indirectly that the statute directly prohibits. *Spectrum Emergency Care*, 479 N.W.2d at 852. If we were to construe the covenant as restricting competition through the bidding process alone and regardless of where the physical work was to be done, the covenant would accomplish what NDCC 9–08–06 prohibits—noncompetition covenants applicable to more than one county. We conclude that the trial court correctly ruled, as a matter of law, that no competition would occur under the terms of the covenant unless Landstar was awarded a contract "for any work on the Federal Aid Highway System" to be physically performed in Burleigh County.

It is also undisputed that, although Sehn conducted site inspections and, in effect, assisted in the bidding process, Landstar was not awarded any contracts in Burleigh County during the two-year non-competition period contained in the covenant. The trial court correctly ruled, as a matter of law, that Sehn did not breach the covenant.

Because of our resolution of this part of Earthworks' claim, it is unnecessary to review the trial court's alternative ruling that no breach of the covenant occurred because the corporate body of Landstar, rather than Sehn as its employee, actually competed with Earthworks. Furthermore, because there was no breach of the covenant, it is also unnecessary for us to decide whether the trial court correctly ruled that the $100,000 amount, allocated to be repaid in case of a breach, was not a valid liquidated damages clause.

## II

■ Earthworks argues the trial court erred in summarily dismissing its claim that Sehn violated a 1989 corporate resolution requiring him to receive only insurance disability benefits from August 5, 1991 to April 1, 1992, because he received $30,000 in salary during that period of time. The trial court ruled, as a matter of law, the parties' December 31, 1992 agreement was an accord and

satisfaction of the disability benefits and salary matter. We agree.

An accord and satisfaction is a method of discharging a contract or cause of action where the parties agree to give and accept something in settlement of a claim or demand of one against the other, and they thereafter perform the agreed settlement. *Campbell v. Beaton,* 117 N.W.2d 849, 850 (N.D.1962); NDCC 9–13–04 and 05. An essential element of accord and satisfaction is an agreement evidencing the mutual assent of the parties. *Shirazi v. United Overseas, Inc.,* 354 N.W.2d 651, 654 (N.D.1984). Whether there has been an accord and satisfaction is usually a question of fact unless a reasonable person could draw but one conclusion. *Mougey v. Salzwedel,* 401 N.W.2d 509, 513 (N.D.1987). A reasonable person could draw but one conclusion in this case.

The evidence shows that, before executing the December 31 agreement, the parties discussed the disability insurance payments and salary problem. In a December 1 letter to Sehn, Marquart said "I expect you to reimburse Earthworks for the total amount you have received in disability insurance." Sehn's December 10 and 16 letters to Marquart refer to the disability insurance problem. Marquart's December 21 letter to Sehn lists as a proposed condition of paying Sehn's asking price that "[a]ny disability insurance benefit in excess of $3,931.24 goes to Earthworks."

The December 31 agreement acknowledges that Sehn "paid back to Earthworks, Inc. $7,909 of disability payments, which has reduced his bonus," and that the agreement "constitutes the entire Agreement between the parties with respect to its subject matter." The trial court correctly ruled, as a matter of law, the December 31 agreement constituted an accord and satisfaction of the disability insurance and salary matter.

### III

Sehn argues the trial court erred in summarily dismissing his counterclaim against Earthworks. Sehn alleged Earthworks fraudulently induced him to enter into the agreement by allocating $100,000 to the covenant not to compete when the intended allocation of that amount was for the physical assets of the corporation. Sehn asserts that if, as the trial court and we have held, the $100,000 was paid as consideration for the covenant not to compete, then Earthworks still owes him $100,000 for the physical assets of the corporation. We conclude the trial court properly granted summary judgment dismissing this claim.

As the trial court noted, while fraud is a ground for reformation of written instruments under NDCC 32–04–17, fraud perpetrated to induce a party to enter into the agreement is not a ground for its reformation, but is a ground for its rescission. *Striegel v. Dakota Hills, Inc.,* 365 N.W.2d 491, 496 (N.D.1985), and cases cited therein. Sehn did not seek rescission. Instead, he affirmed the contract and continues to rely on some of its provisions.

The trial court also noted, "[w]hether the fraud is pled for some other reason is not entirely clear." That question has become no clearer on appeal. Still, if Sehn is asserting he is entitled to $100,000 in damages for fraud because that was the amount he was underpaid for the corporation's physical assets, the parties' agreement is clear and unambiguous. It specifically allocates $100,000 to Sehn's promise not to compete, $65,504 to Sehn's bonus, and $140,000 for Sehn's stock that comprises the physical assets of the corporation. Parol evidence is not admissible to vary or contradict the explicit terms of this agreement. *See Norwest Bank v. Christianson,* 494 N.W.2d 165, 168 (N.D. 1992). The trial court did not err in granting summary judgment dismissing Sehn's counterclaim.

### IV

Sehn argues the trial court erred in failing to award him costs under NDCC 28–26–06. We disagree.

The allowance of costs and disbursements under NDCC 28–26–06 lies within the sound discretion of the trial court, and its decision will be overturned on appeal only if an abuse of discretion is shown. *Lacher v. Anderson,* 526 N.W.2d 108, 112 (N.D.1994).

If each party prevails on certain parts of a lawsuit, the trial court need not award costs to either party. *See Liebelt v. Saby,* 279 N.W.2d 881, 888 (N.D.1979). Here, the trial court dismissed Earthworks' complaint as well as Sehn's counterclaim. The trial court did not abuse its discretion in refusing to award costs to either party in this case.

We affirm the summary judgment.

VANDE WALLE, C.J., and NEUMANN, SANDSTROM and MARING, JJ., concur.